**BRISTOL–MYERS COMPANY, Plaintiff,**

v.

**FEDERAL TRADE COMMISSION et al.,**
**Defendants.**

Civ. A. No. 2905–67.

United States District Court
District of Columbia.

May 24, 1968.

Gilbert H. Weil, New York City, for plaintiff.

Michael R. Lemov, Department of Justice, and Ernest G. Barnes, Federal Trade Commission, Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

This is a motion by the Federal Trade Commission to dismiss a complaint in an action brought against it by a manufacturer of medicines. The complaint contains a number of counts and has several distinct aspects. In fact, these distinct aspects could have been brought as separate actions, although under the Federal Rules of Civil Procedure consolidation of claims is encouraged.

The first claim is one for a disclosure of certain records of the Federal Trade Commission. The plaintiff bases its rights on the recent statute enacted on June 5, 1967, 81 Stat. 54, 5 U.S.C. § 552, which requires Government agencies to disclose certain records to members of the public. The plaintiff is interested in a rule-making proceeding that has been instituted by the Federal Trade Commission and is now pending before it, in regard to certain types of medicines. The object of these medicines is to diminish pain. The plaintiff is a manufacturer of some of them.

In connection with this proceeding the plaintiff served a demand upon the Commission, which it entitled a Petition, and in which it requested the Commission to identify to the petitioner in writing each item of material, whatever its form or nature, which relates to, bears upon, contains or purports to describe, report or discuss, or which otherwise, in whole or in part, records, reflects, evidences, has contributed to or constitutes: (a) information concerning the speed, strength, and duration of effect of certain medicines; (b) information concerning the extent to which any benefit is claimed to be derived from such medicines; (c) the extensive staff investigation alleged to have been made by the Commission, its accumulated experience and available studies and reports concerning the subject matter. The breadth of that demand is readily visible from merely reading it.

The demand then continues to request copies of any of the items previously mentioned that are within the possession or control of the Commission. It requests a specification of the names, addresses of firms or agencies that have custody, possession or control of any document which is not being furnished. This demand was not complied with. This action seeks an order of this Court to require compliance.

To determine the rights of the parties we must turn to the applicable statute, 5 U.S.C. § 552. It is a recent enactment and it has received very little judicial construction. Paragraph (a) (3) of that statute requires every Federal agency, on request for identifiable records, to make them available to any person. The statute continues to confer upon the District Courts the power to enforce this provision.

Manifestly, it was not the purpose of Congress to permit any person whatever to roam at will within the files of every

Government agency. Such a result would not only disrupt the day-to-day business of every Government agency, because a large percentage of the personnel of the Government would be occupied by furnishing information and copies of documents, but it would also harmfully affect the affairs of the Government and the interests of the citizens of the United States. Surely it was not intended that files relating to national defense or the foreign policy of the United States should be available to any person for the asking, even if he is an alien, because this statute is not limited to citizens. Surely it was not intended that any person could require access to the personnel records of somebody in whom he might be interested either favorably or adversely. Such a result would unnecessarily embarrass many Government employees and applicants for employment. Surely it was not intended that by this means a business concern could get at the secrets of its competitors that may be found in the files of some department.

██ ██ Like all statutes, this Act must be reasonably construed. Its purpose was to prevent Government agencies from unjustifiably withholding information that should be reasonably available to a person having some basis for seeking it. That this must have been the intent of Congress appears, first, from the rather limited grant of power. It is granted only as to identifiable records. Secondly, it appears from the exceptions, which are almost greater than the grant.

██ An identifiable record necessarily means a record that is described with sufficient precision in order that by ministerial action of some subordinate the document can be identified and selected out of the files. It does not mean that the head of an agency or his immediate assistant must use judgment in seeking through the file to determine whether a particular document is within the classification asked for. That would be an unreasonable request.

██ Failure to comply with an order of the Court may be punishable as a contempt. In order that an act may be so punishable it must be defined with precision in order that a person who may be punished knows in advance what he must do and what he does not have to do. The demand in the case at bar is not confined to requesting access to particular documents. It does much more. It asks the Federal Trade Commission to prepare a list, after going through the files, of documents falling within certain classifications. There is no such requirement in the statute.

This is one side of the coin, so to speak. Now let us look at the negative provisions, namely, the exceptions. First, it is provided in sub-section (b) that the statute does not apply to an enumerated series of matters. Paragraph (b) (4)* lists trade secrets and commercial or financial information obtained from a person and privileged or confidential. In the course of its investigations the Federal Trade Commission frequently obtains information from persons engaged in manufacture or commerce information of a type that these persons do not wish to have disclosed to their competitors. The blanket and dragnet demand involved in this action covers many such items.

██ Paragraph (b) (7) contains an exception for investigatory files compiled for law enforcement purposes. Law enforcement is not limited to enforcement of the criminal law, as was recently held by Judge Morgan of the Northern District of Georgia, in Clement Brothers Co., Inc. v. National Labor Relations Board, 282 F.Supp. 540, decided February 6, 1968. The demand involved in this case comprises numerous files that come within the exception just referred to, namely, investigatory files compiled for law enforcement purposes.

Still another exception is for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. Every Government department, just as any large private concern, contains in its files memoranda from one member of its personnel to another. A subordinate may write to

his chief advising a certain course of action. That recommendation may be overruled by the chief. Such memoranda are not subject to disclosure. If they were, members of the staff of Government departments would hesitate to communicate with each other. The demand in this action is broad enough to comprise many items of this type.

For all of these reasons it is clear that the demand made in this case is far too broad, and far too general, and calls for documents to be furnished and things to be done not contemplated within the statute. The Federal Trade Commission should not be put to the burden of selecting those matters which are properly subject to disclosure out of the vast morass of material that obviously is not subject to the provisions of the Act.

Accordingly, the Court is of the opinion that the plaintiff is not entitled to relief on this aspect of its complaint.

The second aspect consists of a request for an injunction against the rule-making proceeding which is now pending. It is claimed in behalf of the plaintiff that the type of rule that is contemplated and that was tentatively promulgated by the Commission for comment by interested parties, is not within the power of the Commission to enact. The Federal Trade Commission, like other Government agencies, has rule-making power. The U.S. Code, Title 15, Section 46(g), expressly authorizes the Commission to make rules and regulations for the purpose of carrying out the provisions of the Act.

However, it is argued that the Commission is not clothed with power to conduct rule-making proceedings but may conduct only adjudicatory proceedings, 15 U.S.C. § 45(b), and that, therefore, the proceeding that has been instituted for the purpose of promulgating a general rule regulating certain aspects of commerce in medicines is not within the power of the Commission. On this aspect of the case the Court is of the opinion that the action is premature. It is a well established rule of law that the courts will not interfere with administrative proceedings while they are pending. As a matter of fact, no one can tell today what type of rule, if any, will eventually be adopted by the Commission. When one is adopted, if it is adopted at all, will be the proper time to seek court review.

Finally, it is sought to enjoin the Commission from issuing what are popularly known as press releases that may be injurious to plaintiff and other manufacturers of drugs. A so-called press release is nothing but a statement. The courts may no more enjoin Government departments from issuing statements to the public than they may enjoin a public official from making a speech. As a matter of good morals, a Government agency ought not to prejudice any person by issuing statements concerning matters that are pending before it. This is, however, a question of morals or manners, rather than of legal rights or duties.

Then, finally, the plaintiff asks authority to take the depositions of various persons in connection with the rule-making proceeding before the Commission. This Court knows of no authority, either under the Federal Rules of Civil Procedure, or under any statute, permitting such a procedure.

For all of these reasons the motion to dismiss the complaint is granted.