Joseph S. TUCHINSKY, Plaintiff,

v.

The SELECTIVE SERVICE SYSTEM OF the UNITED STATES of America, Defendant.

Joseph S. TUCHINSKY, Plaintiff,

v.

John H. HAMMACK, Illinois State Director Selective Service System, and Lewis B. Hershey, Director, Selective Service System, Defendants.

No. 68 C 1142.

United States District Court
N. D. Illinois, E. D.

Jan. 16, 1969.

Robert T. Drake and George C. Pontikes, Foss, Schuman & Drake, Chicago, Ill., for plaintiff.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for defendant.

MEMORANDUM AND ORDER

ROBSON, District Judge.

The defendants in this suit under the Public Information Act, 5 U.S.C. § 552,

have moved to dismiss, or, in the alternative, for summary judgment. The plaintiff, agreeing that there are no genuine material facts in dispute, has also moved for judgment on the pleadings. As modified below, this court is of the opinion that the defendants' motions should be granted, and the plaintiff's motion denied.

Joseph S. Tuchinsky, the plaintiff, is a draft counsellor. He serves primarily the students and staff at Roosevelt University in Chicago, Illinois. On at least one occasion (January 31, 1968), the plaintiff requested from John H. Hammack, the Illinois State Director of the Selective Service System, the names, home addresses, occupations, races, dates of birth, dates of appointment, military affiliations, and citizenships of each Local Board member, Appeal Board member, Government Appeal Agent, Associate Government Appeal Agent, medical advisor, advisor to registrants, and member of advisory bodies appointed to serve in the entire State of Illinois.[1]

Mr. Hammack replied that this information had "no connection with [their] official duties," and assured the plaintiff that all appointments were made "as provided by the Selective Service Regulations." Amended Complaint, Exhibit E. Mr. Hammack referred the matter to Gen. Lewis B. Hershey, National Director of the Selective Service System. General Hershey wrote to the plaintiff on May 10, 1968, four to five months after the initial request, and in turn referred the plaintiff to two new regulations, issued on March 19, 1968.[2] 33 F. R. 4677–4678. These regulations required the names of Board members, Government Appeal Agents, and Advisors to be posted in a public area at each Board office to which they are assigned. Since this information is presently available to those most vitally interested, i.

e., those registered with each Local Board, the defendant should not be required to prepare a list of the names of all persons associated with each Local Board, even at the expense of the plaintiff. Cf. Bristol-Myers Co. v. Federal Trade Commission, 284 F.Supp. 745 (D. D.C. 1968). Since the plaintiff has an interest in several Boards, all the regulation requires is a trip or a telephone call to each Board to obtain the desired information.

■ The regulation, however, only permits the release of any other personal information, such as home addresses, etc., if the person involved consents, and the Local Board chairman, after consultation with the person involved, determines in writing that disclosure would not harm that person and would not be a clearly unwarranted invasion of that person's personal privacy. These strictures, according to General Hershey's affidavit, were necessary in view of the violence that has been directed at Local Board offices and members. This court agrees emphatically that this violence demands some restrictions, but points out that if the member consents to the release of the information, that the purposes of the Public Information Act call for this consent to be given substantial weight in determining the gravity of the potential harm or the invasion of his or her privacy, since that individual is in the best position to determine such questions. Cf. Bristol-Myers Co. v. Federal Trade Commission, supra.

■ On November 29, 1967, and again on March 19, 1968, the plaintiff requested from Mr. Hammack copies of current Illinois state memoranda on deferments, exemptions, and associated procedures, especially with regard to teacher and other occupational deferments, and student deferments. Mr.

---

1. The original request on December 1, 1967, was for this information as it pertained to the members of Local Boards 12, 13, 14, 15, 16, 17 and 18. This was amended to include the entire State of Illinois in the above letter of Jan. 31, 1968.

2. This satisfied the requirement that the plaintiff exhaust his administrative procedures, and makes the defendants' motion to dismiss inappropriate as to these requests for personal data.

Hammack responded on December 11, 1967:

"Memorandums and directives concerning classifications, issued by this Headquarters to our local and Appeal Boards, are available at any local board office or this [Illinois State (Springfield)] Headquarters for inspection. They are not available for general distribution. In addition, they are subject to change at any time, depending on conditions and circumstances." Amended Complaint, Exhibit K.

Mr. Hammack, therefore, is willing to allow the plaintiff to see, note and remember the memoranda, but apparently will not allow any copying to take place. However, 5 U.S.C. § 552(a) (2) (B) and (C) provide that:

"Each agency * * * *shall* make available for public inspection *and copying*—

\* \* \* \* \* \*

"(B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; and

"(C) administrative staff manuals and instructions to staff that affect a member of the public;

"unless the materials are promptly published *and copies offered for sale.*" (Emphasis added.)

Even though the memoranda may be subject to change without prior notice, this is not a ground for refusing to follow the clear mandate of the statute. Copies of each memoranda currently in force are sent to each Local Board; so long as the plaintiff is willing to pay the reasonable expenses of preparing and sending one more copy to him, this court is of the opinion that this is a reasonable request and clearly contemplated by the statute. Future memoranda, when sent to the Local Boards, need not be sent to persons in the plaintiff's position until a request for the then current memoranda is made, so that the defendant agency will not have to run what might amount to a loose-leaf service for every draft counsellor in the country. However, it is clear that the spirit of the Public Information Act, which gives this court the full power of a *de novo* review and puts the unusual "burden * * on the agency to sustain its action," calls for the degree of administrative openness that this court has indicated. Since the agency will allow inspection of the memoranda (as modified by this court's opinion), the motion to dismiss will be granted. Cf. Chicago Automobile Trade Association v. Madden, 328 F.2d 766 (7th Cir. 1964).

It is therefore ordered that as to the personal data requested, the defendants' motion for summary judgment be, and it is hereby granted.

It is further ordered that as to the state memoranda, the defendants' motion to dismiss be, and it is hereby granted.

It is further ordered that the plaintiff's motion for judgment on the pleadings be, and it is hereby denied.