Joseph **TUCHINSKY**, Plaintiff-Appellant,

v.

The **SELECTIVE SERVICE SYSTEM** of the United States of America, Defendant-Appellee.

No. 17566.

United States Court of Appeals Seventh Circuit.

Nov. 17, 1969.

Rehearing Denied Dec. 30, 1969.

Robert T. Drake, George C. Pontikes, Chicago, Ill., for plaintiff-appellant.

Morton Hollander, Chief, Appellate Section, Ralph A. Fine, Atty., U. S. Dept. of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Washington, D. C., Thomas A. Foran, U. S. Atty., Chicago, Ill., for defendant-appellee.

Before CASTLE, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff, an adviser to draft registrants, filed this suit for declaration of his rights—under the Public Information Section [1] of the Administrative Procedure Act [2]—to obtain certain information from the defendant, the Selective Service System. He appeals from the district court's summary judgment against him as to part of his suit and from the dismissal of the other part. We affirm.

Information requested by plaintiff included the names, home addresses, occupations, dates of birth and appointments of all local board members, government appeal agents and associates, medical advisers, registrant advisers, and members of advisory bodies, in Illinois; in addition, he requested all current state memoranda on occupational deferments and related material, and offered to pay for copies of these documents. He sought the information so that he could properly advise draft registrants.

Attached to the complaint were plaintiff's letters to the state and national directors requesting the above information, and their replies, together with copies of Selective Service Regulations 32 C.F.R. §§ 1606.62 and 1606.63 promulgated by defendant through its national director. The defendant answered and filed a motion to dismiss or for summary judgment supported by affidavits of the state and national directors. Plaintiff filed a motion for judgment on the pleadings stating that there were no genuine issues of material fact.

The district court [3] denied plaintiff's motion and entered summary judgment

1. 5 U.S.C. § 552.

2. 5 U.S.C. § 500 et seq.

3. 5 U.S.C. § 552(a) (3) provides in part:
On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo and the burden is on the agency to sustain its action. In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member. Except as to causes the court considers

for defendant with respect to the "names" and other personal data requested as to all board personnel in Illinois.

Plaintiff contends he has a right under the Public Information Section to obtain information upon which he can determine whether or not draft board officials are residents of the areas they serve and are otherwise qualified to serve under the requirements of the Selective Service Act. No authoritative case is cited that sustains plaintiff's theory of his right to the information requested. He argues further that defendant's regulations do not apply to justify refusing his request for the names, etc., of personnel and if so, they would be invalid. Finally, he claims that the district court should not have considered the contention of likely injury to board members resulting from disclosure, in determining whether the Public Information Section applies to the defendant.

Section 552(a) (3) of the Administrative Procedure Act requires, inter alia, each governmental agency to make available to the public "on request * * * identifiable records." However, subsection (b) (6) generally excludes disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Selective Service Regulation 1606.56(a) states defendant's general policy of making information available to the public, except for disclosure that "would constitute a clearly unwarranted invasion of personal privacy * * * or relates to internal memoranda * * * disclosure of which would interfere with the functions of the Selective Service System." The national director is given discretion to make exceptions with respect to the policy where public or individual interests dictate.

Regulation 1606.62 deals specifically with requests for names, addresses and personal data of board members and other officials. It provides that the names of board members, appeal agents and advisers "will be posted in an area available to the public at each board office to which such personnel are assigned." This regulation precludes release of "home addresses and other personal data" of these officials unless the official designated consents to disclosure, or the board chairman, after consulting the person, determines in writing that disclosure would do no harm nor constitute an unwarranted invasion of privacy. Plaintiff argues that the exercise of his right to the information is unreasonably restricted by defendant's mere posting of the names of members in each local office, since there are two hundred and seventeen local boards in Illinois in which he may counsel registrants.

In our opinion, it would be an unreasonable burden on defendant to require it to supply this plaintiff, on request, lists of names and other information pertaining to board personnel throughout the state, where the names of these local board officials are readily available at the board offices of those he advises. We see no reason for the defendant to assume the burden of listing all such information pertaining to personnel in the state of Illinois at each local board office, for the convenience of this particular plaintiff. We hold, therefore, that plaintiff is not entitled to the mass of information he seeks from the state and national directors.

We point out that the district court might well have denied relief under Section 552 on the basis of affidavits which state that the Selective Service System kept no "identifiable records" of personal data about board personnel. In our computerized society this is somewhat difficult to understand. Nevertheless, there is no denial that these records are not "identifiable," and consequently the plaintiff established no right

of greater importance, proceedings before the district court, as authorized by this paragraph, take precedence on the docket over all other causes and shall

be assigned for hearing and trial at the earliest practicable date and expedited in every way.

under the statutory language of Section 552.

The plaintiff's suit in the district court challenged the validity of Selective Service Regulations 1606.62 and 1606.63,[4] on the grounds that the former did not comply with Section 552(a) of the Administrative Procedure Act, and that the latter instructed local and state appeal boards to violate court orders and the Act. Defendant moved to dismiss on the ground that plaintiff had not exhausted his administrative remedies. The district court, by footnote in its opinion, denied this motion, stating that since the national director had referred plaintiff to the regulations when denying his request by letter, plaintiff had effectually exhausted his administrative procedures. We think this was error.

■ Regulation 1606.62 gives discretion to the local board to provide a person with the information which plaintiff here sought, so long as it determines, by consent of the member affected or the board chairman, that there would not be an "unwarranted invasion of * * * personal privacy." Plaintiff did not request this information from any local board, and consequently did not appropriately exhaust his effective administrative remedies. We need not therefore decide whether had he done so the information sought was clearly an unwarranted invasion of personal privacy which would justify non-disclosure. Nor do we reach the question of the validity of Regulations 1606.62 and 1606.-63.[5] On this disposition, it is unnecessary for us to pass on plaintiff's contention that the district court improperly considered possible violence and injury to board members from disclosure of the personal information.

The exhaustion of administrative remedies rule required that plaintiff seek the personal information initially from appropriate local boards which might either by reason of consent of members involved or discretion of board chairman provide him the information. In the event of an adverse decision denying plaintiff the information, he can appeal to the appeal board, and finally seek the administrative review of the national director. 32 C.F.R. 1606.56(a). Only by this method is the administrative process exhausted and the judicial process available for suit. The exhaustion of remedy rule is not satisfied by leapfrogging over any substantive step in the administrative process.

■ The district court dismissed the suit so far as it sought the "current memoranda" on occupational deferments and related material, although the court found that the request was reasonable and clearly contemplated by the Public Information Section, so long as plaintiff was willing to pay the reasonable expenses for supplying him with copies. In dismissing, the court thought, presumably, that the issue was mooted by defendant's agreement to permit inspection and copying at plaintiff's expense.[6] The court decided that, in the future, memoranda need not be sent to persons in plaintiff's position until a request is made for the material then current; otherwise the defendant would be required to "run what might amount to a loose-leaf service for every draft counsellor in the country."

We treat the court's disposition of this second issue as an effectual judgment on the pleadings for plaintiff to the extent of the material "current" when the request was made for the "current memo-

4. 32 C.F.R. 1606.63 provides in part that a request, demand or order to produce personal information the disclosure of which is restricted by previous regulations, *when made by a court or other authority*, should not be honored by any employee of the Selective Service System without the prior approval of the national director.

5. The district court denied relief upon the ground that the regulations were valid. We are not bound by a trial court's reason and may uphold its decision on other grounds which the record supports.

6. The defendant in its brief states that it agreed in the district court to honor requests for the "current memoranda" where a reasonable fee is paid.

randa." We think the court's disposition was fair and wise.

We affirm the summary judgment granted by the district court for the reasons we have discussed above; and having considered the treatment of the court with respect to "current memoranda" and related material as a judgment on the pleadings in plaintiff's favor, we affirm that judgment.

Affirmed.