Barbara E. LYBARGER et al., Plaintiffs,

v.

James Bruce CARDWELL et al., Defendants.

No. 75–4262–M.

United States District Court, D. Massachusetts.

Aug. 18, 1977.

Mitchell I. Greenwald, Western Mass. Legal Services, Pittsfield, Mass., for plaintiffs.

William A. Brown, Asst. U. S. Atty., Boston, Mass., Jeffrey Axelrad, Richard E. Greenspan, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

FRANK J. MURRAY, Senior District Judge.

This case under the Freedom of Information Act, 5 U.S.C. § 552, came on to be considered upon the motions by the parties for summary judgment, Fed.R.Civ.P. 56, on the two primary claims raised in the original complaint. Subsequently, plaintiffs moved to amend the complaint by adding a third claim for relief, which motion to amend is hereby allowed; however, the court does not consider the issues therein to be appropriate for treatment under rule 56

at this time. Thus, the two issues before the court on the facts of record are:

1) Whether defendants' decision to make the requested information available, but to require plaintiffs to pay reproduction fees for certain of the documents at a reduced rate, contravenes 5 U.S.C. § 552(a)(2), and defendants' regulations, see 20 C.F.R. § 422.440(b) (1976); 45 C.F.R. §§ 5.60–5.62 (May 1, 1975), thus empowering the court to compel compliance with plaintiffs' request for production of these documents at no cost to plaintiffs pursuant to the jurisdictional grant of 5 U.S.C. § 552(a)(4)(B).

2) Whether defendants may also be compelled under 5 U.S.C. § 552(a)(4)(B) to provide copies of periodic updates and revisions of certain of the requested materials without plaintiffs' having to request production of such documents as they are issued.

■ At the outset an issue is raised as to the court's jurisdiction. As defendants point out, the action is based upon 5 U.S.C. § 552(a)(4)(B), which gives the court " . . . jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Thus, they argue that since they are not withholding the contents of any records from public scrutiny, the court has no jurisdiction to consider compulsory equitable relief under the Act. Plaintiffs counter that the imposition of fees which are prohibitively high in light of their available funds is tantamount to withholding the records. Resolution of this issue need not be undertaken, however, if the court assumes *arguendo* that it has the power to order delivery of materials not exempt under the Act to plaintiffs at no cost in the event the fees imposed are found to be unlawful. *Cf. Diapulse Corp. v. F. D. A.,* 500 F.2d 75, 78 (2d Cir. 1974). However, the statute requires that the "agency determine" whether to waive or reduce fees below the level set by the regulations of that agency. Thus, the court's review of this agency's decision on reproduction fees should be delimited to a determination whether it was " . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706 (1970).[1]

■ Plaintiffs' argument in respect to this standard of review is that the agency has promulgated a regulation, 20 C.F.R. § 422.440(b), which limits the decision to the simple proposition whether or not the person requesting the materials is acting in the "public interest", in which case there will be no charge for reproduction, since by their reading of the regulation no middle ground is left therein for a reduction of fees to such person. The statute, of course, gives that choice to the agency in the first instance, *see* 5 U.S.C. § 552(a)(4)(A), and contrary to plaintiffs' position, their interpretation of 20 C.F.R. § 422.440(b) is not the only one possible. Moreover, the agency's initial interpretation of its own regulations is entitled to a greater degree of recognition unless it is totally irrational or unfounded. *Cf. Lewis v. Richardson,* 428 F.Supp. 1164, 1169 (D.Mass.1977). In both assessing the decision on fees and the interpretation of the regulations upon which it was based, the court is not permitted to substitute its judgment for that of the administrator. *See Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 836 (1971). The facts in this record portray a good-faith effort on the part of defendants to make these materials available to plaintiffs at the lowest cost possible consistent with the statute and regulations, and at a proper cost in the judgment of the administrators. Thus, the court does not find that the decision to require payment of reproduction fees at the reduced rate for those materials was unlawful. Therefore,

---

1. Whether or not this provision of the *Administrative Procedure Act* is directly applicable to this action, the court finds in it a well-defined standard with which to measure the actions of defendants against the intention of Congress in 5 U.S.C. § 552. *Cf. Fellner v. United States Dept. of Justice,* No. 75–c–430 (W.D.Wis. Apr. 28, 1976).

the provisions of the *Freedom of Information Act* have not been violated in this respect and defendants are entitled to judgment as a matter of law on this issue.

■ Much of the above analysis applies as well to the decision not to provide periodic updates and revisions of these materials automatically as they are issued. The Act sets forth a procedure whereby a request is made of an agency for certain documents; it is ruled upon administratively; and if it is denied the complainant may file an action in the district court. It cannot be said that a decision to require a person requesting materials to follow this procedure is so devoid of a rational basis that it constitutes grounds for injunctive relief. These materials and updates are kept at the regional office of the agency here in Boston, and upon issuance they may be identified and requested by plaintiffs from time to time. Without adopting the stringent holding of *Tuchinsky v. Selective Service System,* 294 F.Supp. 803 (N.D.Ill.), *aff'd,* 418 F.2d 155 (7th Cir. 1969), the court concludes that the open-ended procedure suggested by plaintiffs is not in accordance with the statutory procedure mandated by Congress in 5 U.S.C. § 552, and will not be forced upon defendants in this action. Thus, plaintiffs are not entitled to relief on this claim as a matter of law.

Accordingly, it is hereby ORDERED that plaintiffs' motion for summary judgment is denied, and that of defendants is allowed, in respect to the claims discussed herein. Judgment shall be entered accordingly.