**BRISTOL–MYERS COMPANY,**
**Appellant**

v.

**FEDERAL TRADE COMMISSION et al.**
**No. 22277.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 1, 1969.

Decided March 26, 1970.

---

Mr. Gilbert H. Weil, New York City, with whom Mr. Melville Ehrlich, Washington, D. C., was on the brief, for appellant.

Mr. Leonard Schaitman, Atty., Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Morton Hollander, Atty., Department of Justice, were on the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge and MacKINNON, Circuit Judge.

BAZELON, Chief Judge:

This is a case requiring us to construe the Freedom of Information Act.[1] The Bristol-Myers Company seeks an order compelling the Federal Trade Commission to produce certain documents relevant to a rulemaking proceeding initiated by the Commission on the basis of "extensive staff investigation, * * * accumulated experience and available studies and reports. * * *"[2] The Commission refused to produce the documents, and the District Court dismissed the complaint, ruling that the material sought did not constitute "identifiable records" whose production is required by statute, and furthermore that many of the documents sought fell within the statutory exemptions for trade secrets, internal agency documents, or investigatory files compiled for law enforcement purposes.[3] We re-

1.  5 U.S.C. § 552 (Supp. IV, 1969).

2.  32 Fed.Reg. 9843 (July 6, 1967).

3.  Bristol-Myers Company v. F. T. C., 284 F. Supp. 745 (D.D.C.1968).

verse and remand for specific rulings on the various items requested.

## I

■■■ The legislative history establishes that the primary purpose of the Freedom of Information Act was to increase the citizen's access to government records.[4] Before 1967, the Administrative Procedure Act contained a Public Information section "full of loopholes which allow[ed] agencies to deny legitimate information to the public."[5] When Congress acted to close those loopholes, it clearly intended to avoid creating new ones. The statutory requirement that a request for disclosure specify "identifiable records" calls for "a reasonable description enabling the Government employee to locate the requested records," but it is "not to be used as a method of withholding records."[6] The F.T.C. can hardly claim that it was unable to ascertain which documents were sought by Bristol-Myers. The Commission relied on certain materials in promulgating its proposed rule, and referred to them in announcing the rulemaking proceeding. These materials are adequately identified in the request for disclosure of the items mentioned in the Commission's Notice.[7] To the extent that the request may be read as seeking additional material outside that category, the claim of failure to meet the identification requirement may be more plausible.[8] The company's request is clearly separable, however, and separate rulings are required.

■■■ Among the "identifiable records" sought by the company, there may well be some which are statutorily exempt from disclosure. The difficulty here is that the District Court failed to examine the disputed documents, and to explain the specific justification for withholding particular items. The legislative plan creates a liberal disclosure requirement, limited only by specific exemptions, which are to be narrowly construed.[9] Each exemption cited by the District Court raises substantial difficulties of interpretation, which cannot be resolved on the record before us.[10]

■■■ The first exemption cited protects "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b) (4). This provision serves the important function of protecting the privacy and the competitive position of the citizen who offers information to assist government policy makers. Nevertheless, the statutory scheme does not permit a bare claim of confidentiality to immunize agency files from scrutiny. The District Court in the first instance has the responsibility of determining the validity and extent of the claim, and insuring that the exemption is strictly construed in light of the legislative intent. The court may well conclude that portions of the re-

4. American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 385, 411 F.2d 696, 699 (1969).

5. S.Rep.No.813, 89th Cong., 1st Sess. 3 (1965); see H.R.Rep.No.1497, 89th Cong., 2d Sess. 5 (1966).

6. S.Rep.No.813, supra note 5, at 8; see Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act 24 (1967).

7. The petition filed by Bristol-Myers with the F.T.C. sought the identification and disclosure of "each item of material, whatever its form or nature, which * * * has contributed to or constitutes" the "extensive staff investigation," "accumulated experience," "available studies and reports" and "other things" referred to in the Commission's Notice.

8. The petition also sought each item which has contributed to or constitutes information concerning the effect of any analgesic and information concerning the accuracy of appellant's assertions concerning the effects of various ingredients of its own analgesic products.

9. 5 U.S.C. § 552(c) (Supp. IV, 1969).

10. See generally, Note, Freedom of Information: The Statute and The Regulations, 56 Geo.L.J. 18 (1967); Davis, The Information Act: A Preliminary Analysis, 34 U.Chi.L.Rev. 761 (1967).

quested material are protected, and it may be that identifying details or secret matters can be deleted from a document to render it subject to disclosure.[11] These judgments are possible only after careful consideration of the particular documents in question, and it is for this detailed analysis that we remand.

A similarly detailed analysis is necessary in connection with each of the other exemptions cited by the District Court. The statute exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b) (5). This provision encourages the free exchange of ideas among government policy makers, but it does not authorize an agency to throw a protective blanket over all information by casting it in the form of an internal memorandum. Purely factual reports and scientific studies cannot be cloaked in secrecy by an exemption designed to protect only "those internal working papers in which opinions are expressed and policies formulated and recommended." [12] Furthermore, an internal memorandum may lose its protected status when it is publicly cited by an agency as the sole basis for agency action.[13] On remand, the District Court will have the opportunity to evaluate the content and status of those documents which the Commission would protect as internal memoranda.

Finally, the court cited the exemption for "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than the agency." 5 U.S.C. § 552(b) (7). The threshold question here is whether the files sought by Bristol-Myers relate to anything that can fairly be characterized as an enforcement proceeding.

At one time the Commission apparently intended to deal with the subject of its proposed rule by proceeding against Bristol-Myers and other companies for misleading advertising practices.[14] Thus there is some basis for the view that the items sought are "investigatory files compiled for law enforcement purposes." Nevertheless, the complaint was withdrawn more than two years prior to the Notice of Rulemaking that precipitated the company's present request for documents. If further adjudicatory proceedings are imminent, then the company's request may fall within the category the exemption was designed to control. Congress intended to limit persons charged with violations of the federal regulatory statutes to the discovery available to persons charged with violations of federal criminal law.[15] The exemption prevents a litigant from using the statute to achieve indirectly "any earlier or greater access to investigatory files than he would have directly. * * *" [16] But the agency cannot, consistent with the broad disclosure mandate of the Act, protect all its files with the label "investigatory" and a suggestion that enforcement proceedings may be launched at some unspecified future date. Thus the District Court must determine whether the prospect of enforcement proceedings is concrete enough to bring into operation the exemption for investigatory files, and if so whether the

---

11. *See* Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S. App.D.C. ——, 425 F.2d 578 (March 10, 1970).

12. Ackerly v. Ley, 137 U.S.App.D.C. 133, 138, 420 F.2d 1336, 1341 (Dec. 19, 1969) ; *accord*, General Services Admin. v. Benson, 415 F.2d 878, 880–881 (9th Cir. 1969) ; *see also* Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654 (1960).

13. American Mail Line, Ltd. v. Gulick, *supra*, note 4, at 389, 411 F.2d at 703.

14. *See* Bristol-Myers Co., F.T.C. Docket No. 8319 (complaint withdrawn, April 7, 1965).

15. Barceloneta Shoe Corp. v. Compton, 271 F.Supp. 591, 593 (D.P.R.1967).

16. H.R.Rep. No. 1497, *supra* note 5, at 11.

particular documents sought by the company are nevertheless discoverable.

## II

■ Appellant's remaining claims require little discussion. Bristol-Myers seeks to enjoin the F.T.C. from continuing its rulemaking proceeding, either pending production of the requested documents, or permanently, on the ground that the Commission has no statutory or constitutional authority to promulgate its proposed rule. We affirm the District Court's holding that the claim for permanent injunctive relief is not yet ripe for adjudication. The Commission has merely proposed a rule, which may never be adopted or enforced. Even after a rule has been promulgated, the ripeness doctrine may in some circumstances bar judicial review prior to actual enforcement.[17] The rulemaking authority of an agency cannot usually be fairly tested in the absence of a specific legal and factual setting.

■ The request for temporary injunctive relief is likewise premature. If the District Court finds that the Commission is improperly withholding documents, then the court is empowered to order production, and to enforce that order by contempt proceedings if necessary.[18] No showing has been made that Bristol-Myers will suffer irreparable injury during the time required for that process. If there is substantial delay in determining appellant's right to disclosure, or in achieving such disclosure as the statute requires, the District Court may consider the propriety of granting temporary relief.

■ Finally appellant seeks to enjoin the Commission from publicizing its proposed rule or any relevant proceedings. The court below denied relief and we affirm. The F.T.C. is specifically authorized by statute to publicize information acquired by it.[19] In F.T.C. v. Cinderella Career and Finishing Schools[20] we interpreted the statute to authorize news releases concerning pending adjudicatory proceedings, reasoning that the benefit to the public outweighed any harm inflicted on the party to the proceedings. *A fortiori* publicity concerning proposed rulemaking must be within the contemplation of the statute, since in the case of rulemaking publicity confers similar benefits on the public, but the adverse impact on the industry is more diffuse. The rationale of *Cinderella* is equally applicable here, and the injunction must be denied.[21]

With regard to production of records under the Freedom of Information Act, the order of the District Court is reversed and remanded for further proceedings consistent with this opinion. In all other respects the order is affirmed.

So ordered.

---

17. *Compare* Toilet Goods Ass'n v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967) *with* Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967) *and* Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

18. 5 U.S.C. § 552(a) (3) (Supp. IV, 1969).

19. 15 U.S.C. § 46(f) (1964).

20. 131 U.S.App.D.C. 331, 404 F.2d 1308 (1968).

21. While we affirm the holding of the court below, we regret its broad dictum suggesting that an agency could never be enjoined from publicizing its activities. *See* B. C. Morton Int'l Corp. v. FDIC, 305 F.2d 692 (1st Cir. 1962).