Isadora **WECKSLER** et al., Plaintiffs,

v.

George P. **SHULTZ**, Secretary of Labor, et al., Defendants.

Civ. A. No. 3549–69.

United States District Court, District of Columbia.

Feb. 1, 1971.

Supplemental Order March 9, 1971.

William A. Dobrovir, Washington, D. C., for plaintiffs.

Jeffrey Axelrad, Dept. of Justice, Washington, D. C., for defendants.

Jerry D. Anker, Washington, D. C., for intervenors.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

This cause, a complaint for disclosure of documents under the Freedom of Information Act, 5 U.S.C. § 552, was heard on plaintiffs' motion for summary judgment, defendants' motions to dismiss and for summary judgment having previously been denied. The Court has considered the affidavits filed by the parties, the extensive memoranda of law and oral argument. The Court also, following the procedure suggested in Bristol-Myers Co. v. FTC, 138 U.S.App.D.C. 22, 424 F.2d 935 (1970), examined *in camera* a sample of more than 200 of the thousands of documents whose disclosure was sought. The size and composition of the sample was selected by agreement of the parties.

### Findings of Fact

1. In July, 1969, plaintiffs requested of defendants the right to inspect and copy certain of defendants' records, designated as forms "CA–15", Inspectors Reports and "CA–16", Notices of Violation, of the defendant Bureau of Labor Standards.

2. Defendant Guenther as Director of the Bureau of Labor Standards refused access to files described as current and agreed to permit access to files described as not current only upon condition that plaintiffs agree not to disclose names of persons or firms appearing in the records.

3. Plaintiffs appealed the denial of access and the conditional grant of access to the defendant Silverman, Solicitor of the defendant Department of Labor, in August, 1969.

4. In January, 1970, after this action was filed and after an order of mandamus was issued by this Court, defendants replied to, and denied, plaintiffs' appeal.

5. The records sought are Inspectors' Reports, "C.A. 15's" and Notices of Violation, "C.A. 16's" prepared by inspectors employed by defendants in connection with their inspection of plants subject to the Walsh-Healey Public Contracts Act.

6. The C.A. 15's record health and safety conditions in the plants inspected, including, among other things, conditions that may violate the standards promulgated under the Walsh-Healey Act.

7. The C.A. 16's record violations of the standards promulgated under the Walsh-Healey Act and are transmitted to the employer whose plant is found to be in violation.

8. In the period 1966–1970 (end of first quarter), as reported by defendants, 13,284 Inspectors Reports and 9,359 Notices of Violation were filed.

9. In the period 1966–1969 defendants carried out 115 formal proceedings against employers and declared 13 employers ineligible to receive government contracts.

### Conclusions of Law

1. Plaintiffs have complied with the procedural requirements of the Freedom of Information Act, 5 U.S.C. § 552, and defendants' applicable regulations, 29 C. F.R. 70.1 et seq.

2. The Freedom of Information Act, 5 U.S.C. § 552(a) (3) places on defendants the burden of sustaining their refusal to permit access to the C.A. 15's and C.A. 16's.

3. Defendants have failed to meet the burden of showing that the records sought are exempt under any of the exemptions, in 5 U.S.C. § 552(b).

4. Nothing in the records sought is a trade secret or commercial or financial information within the meaning of 5 U. S.C. § 552(b) (4), or is an internal memorandum within the meaning of 5 U.S.C. § 552(b) (5) or is an investigatory file compiled for law enforcement purposes within the meaning of 5 U.S.C. § 552(b) (7).

5. As provided in 5 U.S.C. § 552(c) there exists no lawful basis for withholding access to records except the exemptions stated in 5 U.S.C. § 552(b).

6. Under the Act, and also under the decisions of the Court of Appeals in Bristol-Myers Co. v. FTC, 138 U.S. App.D.C. 22, 424 F.2d 935 (1970) and Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S.App.D.C. 578, 425 F.2d 578 (1970), the documents sought have been improperly withheld from plaintiffs.

### ORDER

On the basis of the foregoing, it is this 1st day of February, 1971,

Ordered, that the plaintiffs' motion for summary judgment be and it hereby is granted in that defendants are to make available to plaintiffs, or to any person the plaintiffs may designate, the Inspectors' Reports (C.A. 15's) and Notices of Violation (C.A. 16's) whose disclosure plaintiffs seeks, provided that

1. the effective date of this order is stayed for thirty (30) days from this date within which time the defendants may file notice of appeal and if such notice is filed then this order is stayed until the conclusion of proceedings in the Court of Appeals; and

2. disclosure of the inspectors' report compiled by or for defendants on the explosion of Shell Oil and Chemical Co., Deer Park, Texas, sought specifically by intervenors Oil, Chemical and Atomic Workers, is to be withheld pending further order of this Court; and

3. defendants may move to modify this order as to any particular document covered by this order on grounds such as that it contains witness statements, trade secrets, or is being used in the course of formal adjudicatory proceedings.

### SUPPLEMENTAL ORDER

By earlier order in this case the Court granted plaintiffs' motion for summary judgment, thereby ordering disclosure of certain records which plaintiffs sought under the Freedom of Information Act, 5 U.S.C. § 552.

Remaining to be ruled upon are intervenors' requests for disclosure of investigatory reports of accidents made by defendants pursuant to the Walsh-Healey Act, 41 U.S.C. §§ 35–45. Intervenors seek disclosure of a specific report concerning an explosion and fire which occurred at the Deer Park, Texas refinery of the Shell Oil and Chemical Company on January 15, 1968 and a declaration that reports of similar investigations are subject to disclosure under the Freedom of Information Act.

Upon consideration of the memoranda submitted by the parties and aft-

er an *in camera* review, pursuant to the procedure suggested in Bristol-Myers Co. v. F.T.C., 138 U.S.App.D.C. 22, 424 F.2d 935 (1970), the Court has determined the Deer Park report to be exempt from disclosure under the provisions of 5 U.S. C. § 552(b) (4).

Therefore, it is this 8th day of March, 1971,

Ordered that judgment be and it hereby is entered for the defendants against the intervenors.