**LEVER BROTHERS COMPANY et al.,**
**Plaintiffs,**

v.

**FEDERAL TRADE COMMISSION, Miles W. Kirkpatrick, Paul Rand Dixon, David S. Dennison, Jr., A. Everette MacIntyre, Mary Gardiner Jones, Individually and in their capacity as members of the Federal Trade Commission, Defendants.**

Civ. No. 12–82.

United States District Court,
D. Maine, S. D.
April 19, 1971.

Fred C. Scribner, Jr., Ralph I. Lancaster, Jr., Peter S. Plumb, Portland, Me., William Rogers, Stuart J. Fried-

man, Washington, D. C., Donald J. Lunghino, New York City, for Lever Brothers Co.

Herbert H. Sawyer, Sumner Bernstein, Portland, Me., Raymond L. Falls, Jr., Cahill, Gordon, Sonnett, Reindel & Ohl, LeRoy H. Hurlbert, New York City, for Colgate-Palmolive Co. (intervenor).

Roger A. Putnam, Portland, Me., Daniel M. Gribbon, Charles Lister, John S. Koch, Covington & Burling, Washington, D. C., Richard W. Barrett, Proctor & Gamble Co., Cincinnati, Ohio, for Proctor & Gamble Co. (intervenor).

John G. Marshall, John B. Beliveau, Lewiston, Me., David Machanic, Washington, D. C., for Soap and Detergent Assn. (intervenor).

Peter Mills, U. S. Atty., John B. Wlodkowski, Asst. U. S. Atty., Portland, Me., Joseph Martin, Jr., Gen. Counsel, Harold D. Rhynedance, Jr., Asst. Gen. Counsel, Gerald Harwood, Atty., F. T. C., Washington, D. C., for the F. T. C. and others.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

On January 25, 1971, the Federal Trade Commission issued a "Notice of Public Hearing and Opportunity to Submit Data, Views or Arguments Regarding a Proposed Trade Regulation Rule" (36 Fed.Reg. 1012 (1971)). The Notice states that the Commission has undertaken a trade regulation rule proceeding to consider whether it should promulgate a rule by the terms of which it would become an unfair method of competition and an unfair or deceptive act or practice within the meaning of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, to sell or distribute any synthetic detergent in commerce without (1) listing on the container all the detergent's ingredients by name, percentage and weight per use; and (2) incorporating in all labeling, and in all advertising of every detergent containing phosphorous, a "warning" that the prod-uct contains phosphorous and that phosphorous contributes to water pollution. The Notice (and a subsequent press release) further states that interested persons may participate in the proceeding by submitting written comments on the proposed rule by April 19, 1971 and by presenting oral statements on the proposed rule at hearings to be held on April 26 and 27, 1971.

The present action was filed in this Court on March 31, 1971. Plaintiff and intervenors (hereinafter collectively referred to as plaintiffs) are all detergent manufacturers and an association of detergent manufacturers. They bring this action against the Federal Trade Commission and its individual members seeking declaratory and injunctive relief enjoining the Commission from conducting further proceedings with respect to the proposed trade regulation rule, on the grounds that the Commission's proceedings, with respect to the proposed rule (1) violate the Fair Packaging and Labeling Act, 15 U.S.C. § 1451 et seq., and Section 701 of the Food, Drug and Cosmetic Act, 21 U.S.C. § 371; (2) violate Section 102 of the Environmental Policy Act of 1969, 42 U.S.C. § 4332; and (3) exceed the Commission's authority under the Federal Trade Commission Act, 15 U.S.C. § 41 et seq.

Presently before the Court are: (1) plaintiffs' motions for a temporary injunction; (2) defendants' motion to dismiss or, in the alternative, for summary judgment; and (3) plaintiff Proctor and Gamble Company's cross-motion for summary judgment. The parties have filed extensive supporting papers, affidavits, and briefs and have presented oral argument at a hearing held this date, all of which have been considered by the Court.

Without reaching the merits of the case, the Court is persuaded that defendants' motion to dismiss or for summary judgment (which, since matters outside the pleadings are to be considered, will be treated as a motion for summary judgment, Fed.R.Civ.P. 12(b)) must be granted. It follows that the motions for preliminary injunction and the cross-mo-

tion for summary judgment must be denied.

■ Plaintiffs seek in this action to enjoin the Federal Trade Commission from continuing its pending rule-making proceeding on the ground that the Commission has no statutory authority to promulgate its proposed rule by means of the procedures which the Commission allegedly intends to follow. This Court, however, agrees with the views expressed by the United States Court of Appeals for the District of Columbia, when presented with the substantially identical question in Bristol-Myers Company v. Federal Trade Commission, 138 U.S.App. D.C. 22, 424 F.2d 935, cert. denied, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970), that plaintiffs' claim for injunctive relief is not yet ripe for adjudication. In this case, as in *Bristol-Myers*, the Commission has merely proposed a rule, which may never be adopted or enforced. We do not know today what type of rule, if any, will eventually be promulgated by the Commission. Nor can we ascertain at this stage the procedures which the Commission may follow before finally adopting any such rule. Here, as in *Bristol-Myers*, the proper time to challenge the Commission's rule-making power or procedures will be when, and if, a rule is adopted.

■ Plaintiffs argue, however, that their challenge to the pending rule-making proceeding is "ripe" for judicial review under the standards elaborated by the Supreme Court in Abbott Laboratories v. Gardner, 387 U.S. 136, 148–156, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), and applied by the Court in that case and in the companion cases of Toilet Goods Assn. v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967) and Gardner v. Toilet Goods Assn., 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967). In *Abbott Laboratories*, the Supreme Court announced that in determining whether a challenge to an administrative regulation is ripe for judicial resolution, a two-fold inquiry must be made: first to determine whether the issues are fit

for judicial decision, and second to evaluate the hardship to the parties of denying court consideration at the time. Abbott Laboratories v. Gardner, *supra,* 387 U.S. at 149, 87 S.Ct. 1507; Toilet Goods Assn. v. Gardner, *supra,* 387 U.S. at 162, 87 S.Ct. 1520. Neither standard is met in this case.

As to the first factor, the Court in *Abbott Laboratories* based its determination that the issue there presented was appropriate for judicial resolution on two grounds: first that the issue presented was a purely legal one, and second that the challenged regulations, which had been formally promulgated and were presently in effect, constituted "final agency action" within the meaning of § 10 of the Administrative Procedure Act, 5 U.S.C. § 704. Abbott Laboratories v. Gardner, *supra,* 387 U.S. at 149–152, 87 S.Ct. 1507. *See also* Gardner v. Toilet Goods Assn., *supra,* 387 U.S. at 170–171, 87 S.Ct. 1526. It may be conceded, *arguendo,* that the issues tendered in the instant case present purely legal questions. But it can hardly be contended that the pending rule-making proceeding constitutes "final agency action" within the meaning of the Administrative Procedure Act. The rule-making process is far from complete. The Commission has served notice only that it *may* promulgate a rule of the type proposed. Certainly, it has as yet made no "considered and formalized determination." Toilet Goods Assn. v. Gardner, *supra,* 387 U.S. at 162, 87 S.Ct. 1520. At this juncture, there is no assurance as to whether or when a rule will be adopted, the form it will take, or the basis the Commission will give therefor. In this respect, the present case follows *a fortiori* from Toilet Goods Assn. v. Gardner, *supra,* where the Court denied pre-enforcement judicial review of a regulation which, although already in effect, served notice only that the agency *might* impose sanctions upon those failing to comply. *Id.* at 163, 87 S.Ct. 1520. In *Abbott Laboratories* the Supreme Court summarized the reasons for the ripeness doctrine in the following words,

which are clearly applicable to this situation:

> [I]t is fair to say that its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. Abbott Laboratories v. Gardner, *supra* at 148–149, 87 S.Ct. at 1515.

■ The second of the factors delineated by the Supreme Court in *Abbott Laboratories* requires evaluation of the *present* effect of challenged administrative action upon those seeking judicial relief. In *Abbott Laboratories* and in Gardner v. Toilet Goods Assn., *supra*, the Court found the requisite hardship to the complaining parties where the agency had promulgated a regulation which "requires an immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance." Abbott Laboratories v. Gardner, *supra* at 153, 87 S.Ct. at 1518. The Court noted that the adoption of the regulations put the plaintiffs in the dilemma of choosing between compliance at substantial expense and disruption of their operations, and noncompliance at the risk of serious criminal and civil penalties. Accordingly, the Court found "the impact of the regulations upon the [plaintiffs] is sufficiently direct and immediate as to render the issue appropriate for judicial review at this stage." Abbott Laboratories v. Gardner, *supra* at 152–154, 87 S.Ct. at 1517; Gardner v. Toilet Goods Assn., *supra*, 387 U.S. 171–174, 87 S.Ct. 1526. The agency action here challenged, however, is in no way analogous to the regulations involved in *Abbott Laboratories* and Gardner v. Toilet Goods Assn. The Commission's pending rulemaking proceeding requires no "immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance."

As in Toilet Goods Assn. v. Gardner, *supra*, where the Court denied pre-enforcement judicial review of a regulation which was not "self-executing," this is not a situation "where the impact of the administrative action could be said to be felt immediately by those subject to it in conducting their day-to-day affairs." *Id.* 387 U.S. at 164, 87 S.Ct. at 1524. And as in that case, "no irremedial adverse consequences flow from requiring a later challenge" to whatever the Commission's final action may be. *Id.* If and when a rule is adopted, the rule can be challenged and a judicial determination of its validity obtained, either immediately (*Compare* Abbott Laboratories v. Gardner, *supra*, and Gardner v. Toilet Goods Assn., *supra*, with Toilet Goods Assn. v. Garner, *supra*) or at such time as the Commission takes steps to enforce the rule as against a plaintiff. Federal Trade Commission Act § 5(c), 15 U.S.C. § 45(c); Administrative Procedure Act §§ 10(c), 10(e) (B) (3), 5 U.S.C. §§ 704, 706(2) (C). At this juncture, such a challenge is premature.

The Court will add only one further comment. Plaintiffs cite several cases to support their position that an injunction is appropriate at this stage of the administrative process. *See, e. g.,* Jewel Companies, Inc. v. Federal Trade Commission, 432 F.2d 1155 (7th Cir. 1970); Elmo Division of Drive–X Co. v. Dixon, 121 U.S.App.D.C. 113, 348 F.2d 342 (1962); Amos Treat Co. v. Security and Exchange Commission, 113 U.S.App.D.C. 100, 306 F.2d 260 (1962); Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961); Yanish v. Wixon, 81 F.Supp. 499 (N.D.Cal.1948). None of these cases is apposite. First, except for *Jewel Companies,* all arose before the Supreme Court in *Abbott Laboratories* outlined the standards to be applied in determining whether a controversy is ripe for judicial review. Second, in each case adjudicatory proceedings had been commenced against the plaintiff. Finally, a reading of these cases discloses that, with the possible exception of *Amos Treat Co.,* their premise is that, unlike

the present situation, the plaintiffs there involved would not have had opportunities to obtain effective judicial review at the conclusion of the administrative proceedings.

Since plaintiffs' claims are not yet "ripe" for judicial resolution, defendants' motion to dismiss is granted, and plaintiffs' motions for preliminary injunction and cross-motion for summary judgment are denied.

It is so ordered.