**COWLES COMMUNICATIONS, INC.,**
**Plaintiff,**

v.

**DEPARTMENT OF JUSTICE, John N.**
**Mitchell, et al., Defendants.**

**No. C–70–1599.**

United States District Court,
N. D. California.

April 26, 1971.

Cooper, White & Cooper, Charles W. Kenady, R. Barry Churton, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., Steven Kazan, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Plaintiff (hereafter Cowles) in the course of defense of a libel action, Alioto v. Cowles Communications, Inc., sought to secure by subpoena duces tecum records in the office of the Director of Immigration and Naturalization Service relating to one Salvatore Marino. The Immigration officers, acting upon instructions from the Attorney General, refused to produce the records. Now anticipating another trial in the libel suit Cowles seeks to force the production of the records under the authority of the Freedom of Information Act (5 U.S.C. § 552). The defendants contend that the files involved were compiled for purposes of law enforcement and need not

be produced. The Act specifically excepts from its operation

"investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than to an agency." [1]

Cowles asserts that there are no proceedings pending against Marino and urges (citing Bristol-Myers Co. v. F. T. C., 138 U.S.App.D.C. 22, 424 F.2d 935 (1970); Wellford v. Hardin, 315 F. Supp. 175 (D.Md.1970); Cooney v. Sun Shipbuilding & Drydock Co., 288 F. Supp. 708 (E.D.Pa.1966) that the exception does not apply.

If these cases are authority for the proposition that any investigatory file becomes the subject of private discovery when it is demonstrated that the file will not be used in a law enforcement proceeding, then I do not follow them. The language of the Act is clear. It protects investigatory files compiled for law enforcement purposes. A file is no less compiled for law enforcement purposes because after the compilation it is decided for some reason there will be no enforcement proceeding. I think no resort to legislative history is needed to clarify what the language of the Act itself makes clear. But if the legislative history is considered, in my opinion it confirms the existence of the privilege. The House Report (U.S. Code Congressional and Administrative News, 89 Cong.1966, Vol. 2, p. 2418 et seq.) in describing the records which may be exempt from public disclosure says "others cover materials such as Federal Bureau of Investigation Records which are not now protected by law." (P. 2419) The Report shows great concern for the right of the public to know how the Government operates (Pp. 2422–2423) and speaks of a balancing of that right as against the need of the Government to keep information in confidence. Con-

gress was concerned with the protection of individuals' privacy (House Report, p. 2425) and this concern finds expression in subsection (b) (5). For at least two reasons, of which Congress was undoubtedly aware, investigation files should be kept secret. The informant may not inform unless he knows that what he says is not available to private persons at their request, but more important in this day of increasing concern over the conflict between the citizen's right of privacy and the need of the Government to investigate [2] it is unthinkable that rights of privacy should be jeopardized further by making investigatory files available to private persons. If these concerns are legitimate concerns, and I have no trouble in concluding that Congress regarded them as such, then at least a part of the purpose of enacting the investigatory file exemption is lost if the file ceases to be confidential as soon as the threat of a law enforcement proceeding disappears. Consequently I hold that "investigatory files compiled for law enforcement purposes" need not be produced whether proceedings be contemplated or not.

■ There remains, however, the question of whether a given file is an investigatory file compiled for law enforcement purposes. I think the Government should not be allowed to file an affidavit stating that conclusion and by so doing foreclose any other determination of the fact. For that reason it is the judgment of the Court that:

The defendants shall deliver to the Court for an in-camera inspection File C–2621036 relating to Salvatore Marino. The Court will then examine the file and determine whether it is an investigatory file compiled for law enforcement purposes and following such examination enter an appropriate summary judgment.

---

1. 5 U.S.C. § 552(b) (7).

2. These concerns are expressed in various of the opinions in United States v. White

401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 decided April 5, 1971.