See also D.C., 58 F.R.D. 139.

**PHILADELPHIA RESISTANCE et al.,**
**Plaintiffs,**

**v.**

**John N. MITCHELL et al., Defendants.**

**Civ. A. No. 71-1738.**

United States District Court,
E. D. Pennsylvania.

Aug. 3, 1972.

126

David Rudovsky, Philadelphia, Pa., for plaintiffs.

C. Oliver Burt, III, Asst. U. S. Atty., Philadelphia, Pa., Gordon W. Daiger, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

Van ARTSDALEN, District Judge.

Plaintiffs, Philadelphia Resistance, et al., bring this action to compel defendants, John N. Mitchell, et al., to answer interrogatories pursuant to Rule 37 of the Federal Rules of Civil Procedure. This motion derives from plaintiffs' original complaint accusing the defendants of illegal and unconstitutional surveillance, harassment and intimidation.

On March 8 and 9, 1971, government documents were stolen during a burglary of the Offices of the Federal Bureau of Investigation (F.B.I.) located in Media, Pennsylvania. Following the burglary, the F.B.I. conducted an investigation which included the surveillance of the plaintiffs. The defendants allege that the investigation was discreetly conducted for purposes of valid law enforcement; the plaintiffs allege that the investigation was imprudently conducted for purposes of illegal harassment. After filing a complaint alleging unconstitutional harassment and intimidation, plaintiffs submitted interrogatories to defendants, certain of which defendants refused to answer claiming investigatory, informer and executive privilege. The defendants primarily contend that the information they refused to answer is part of files of an ongoing criminal investigation for law enforcement purposes. Plaintiffs argue that the investigation is not for proper law enforcement but harassment purposes due to their political ideology.

██ Governmental privilege is a device which must be exercised with the utmost fairness and caution. While the individual should be entitled to information establishing the foundation and crux of his law suit, the government should not be required to divulge information which would be injurious to the public security. The court, therefore, must determine the primacy of the interests of the government versus those of the individual by balancing the necessity of the individual in obtaining the information against the governmental need in maintaining the secrecy of the information. United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1952); Carr v. Monroe Manufacturing Company, 431 F.2d 384 (5th Cir. 1970); Black v. Sheraton Corporation of America, 50 F.R.D. 130 (D.D.C.1970).

██ It is the function of the court to decide when the circumstances are appropriate for invoking the claim of privilege. Reynolds, *supra,* at 10; Kahn v. Secretary of Health, Education and Welfare, 53 F.R.D. 241 (D.Mass.1971). The immediate issue involves the procedure in establishing the presence of the "appropriate circumstances." There is no doubt that the F.B.I. is conducting an ongoing criminal investigation of the Media burglary. The question is whether the plaintiffs are being investigated pursuant to the burglary investigation or due to their political beliefs.

██ The defendants represented that as of the time of hearing, July 11, 1972, the Media investigatory file numbered 35,000 pages. The government then

suggested that the court view *in camera* a sampling of the investigatory file to determine whether or not the plaintiffs are the subjects of a valid criminal investigation. Normally, I would be reluctant to invoke this procedure for fear of tainting the impartiality of the judge by creating the impression of judicial privity with a party-litigant. But in determining the applicability of a claim of privilege, the court is thrust into a role different than that normally assumed. Considering the possible injury from an improper exercise or non-exercise of the investigatory privilege, it is only the court, through an *in camera* examination that can objectively analyze the material and decide the merits of the privilege while concomitantly minimizing the effects of any disclosure. This procedure has been sanctioned by many courts. Bristol-Myers Company v. Federal Trade Commission, 138 U.S.App.D.C. 22, 424 F.2d 935 (1970); Machin v. Zuckert, 114 U.S.App.D.C. 335, 316 F.2d 336 (1963); Cowles Communications, Inc. v. Department of Justice, 325 F.Supp. 726 (N.D.Cal.1971); *Black, supra*; Wellford v. Hardin, 315 F.Supp. 175 (D.Md.1970). Therefore, I will order the defendants to produce to the Court, for an *in camera* inspection, within thirty (30) days, documented information from this investigatory file substantiating their claim that the plaintiffs are the subjects of a valid ongoing criminal investigation for law enforcement purposes. I will also order the sampling of the investigatory file thereafter to be sealed, impounded and delivered to the Clerk of the Court to be preserved for possible appellate review. This is the analogous procedure prescribed for criminal discovery pursuant to Rule 16(e) of the Federal Rules of Criminal Procedure and is equally applicable here. Finally, the defendants will be permitted to substitute photostatic copies for the original material in the *in camera* file, thereby allowing the original material to be returned to them. United States v. Westmoreland, 41 F.R. D. 419, 427–428 (S.D.Ind.1967).