Les ASPIN et al., Plaintiffs,

v.

DEPARTMENT OF DEFENSE et al., Defendants.

Civ. A. No. 632–72.

United States District Court, District of Columbia.

Aug. 22, 1972.

Benny L. Kass, Washington, D. C., for plaintiffs.

Michael A. Katz, Washington, D. C., for defendants.

## MEMORANDUM OPINION
## AND ORDER

JOHN H. PRATT, District Judge.

Plaintiffs brought this suit under the Public Information Section of the Administrative Procedure Act, 5 U.S.C. § 552, popularly known as the Freedom of Information Act, to compel the Secretary of the Army to release a report entitled: "Department of the Army Review of the Preliminary Investigation into the MyLai Incident," more commonly referred to as the "Peers Commission Report." The matter is before the Court on cross-motions for summary judgment which have been fully briefed. Having reviewed the pleadings and affidavits which comprise the record in this case, the Court finds that defendants' motion for summary judgment should be granted.

The documents sought are investigatory files compiled for law enforcement purposes and are exempt from disclosure because of specific exemptions provided in the Freedom of Information Act. 5 U.S.C. § 552(b)(7). The documents consist of forty-two bound books organized into four volumes. Volume I has twelve chapters and contains the actual Report of Investigation. It summarizes the nature and purpose of the Peers Inquiry, the evidence uncovered, an analysis of those factors which contributed to the Son My incident, a statement of conclusions regarding the suppression of evidence, and various findings and recommendations made by the Peers Commission which are interspersed throughout the volume. Several chapters from Volume I were released to the public in March, 1970, with minor deletions. Volume II consists of verbatim transcripts of witness testimony. Volume III consists of documentary evidence, and Volume IV contains statements taken by Army criminal investigators, either as part of related criminal proceedings or as part of the Peers investigation. *See* Affidavit of Mr. Bland West.

The applicable test for determining whether the investigatory files exemption applies to particular documents is stated in Bristol-Myers Co. v. F.T.C., 138 U.S.App.D.C. 22, 26, 424 F.2d 935, 939 (1970), cert. denied, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52. The test is whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding. The affidavits of Mr. Robert Berry, General Westmoreland, and Colonel George Ryker clearly indicate that the Report was in fact the basis for the bringing of charges under the Code against both officers and enlisted men. Because the documents which plaintiffs seek figured prominently in the initiation of subsequent court-martial proceedings, they meet the test of *Bristol-Myers*. Furthermore, at least one of these proceedings, that involving Lieutenant Calley, is still on appeal.

An additional reason for exempting the Report from public disclosure is the specific exemption in the Freedom of Information Act which exempts from mandatory release interagency or intra-agency documents which would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5). It is well-established that this exemption is designed to protect findings and recommendations prepared by a subordinate in order to inform and advise a superior. Ackerly v. Ley, 137 U.S.App.D.C. 133, 138, 420 F.2d 1336, 1341 (1969). The affidavit of Mr. Bland West, describing the documents desired by the plaintiffs, shows that Volume I of the Peers Report falls within the terms of this exemption because that volume consists principally of internal working papers in which opinions are expressed and policies formulated and recommended. In the Court's opinion the other volumes are appendices to Volume I and should share the same protection accorded that volume.

For the above reasons, the Court hereby grants defendants' motion for summary judgment.