**NATIONAL PARKS AND CONSERVA-
TION ASSOCIATION, Plaintiff,**

v.

**Rogers C. B. MORTON, Secretary, Department of the Interior, et al.,
Defendants.**

**Civ. A. No. 436–72.**

United States District Court,
District of Columbia.

Dec. 4, 1972.

Richard B. Wolf, Washington, D. C., for plaintiff.

Arnold T. Aikens, Asst. U. S. Atty., Washington, D. C., for defendants.

### MEMORANDUM—ORDER

GASCH, District Judge.

This matter came on for consideration of cross-motions for summary judgment. The suit was brought under the Freedom of Information Act, 5 U.S.C. § 552, to enjoin the defendants from refusing to permit plaintiff to inspect and copy certain agency records. Plaintiff, a non-profit educational and scientific organization, originally requested the Director of the National Park Service to disclose specified documents concerning its concession operations. After revealing substantially all the information that was obtainable without extensive research, the Park Service denied that part of the plaintiff's request which sought the results of audits upon the books of several companies operating concessions in the national parks, the annual financial statements filed with the Park Service by these concessioners, and other financial information. The principal question posed by the refusal of the Park Service to make available the requested documents is whether the information sought comes within the Section 552(b) (4) exemption to the Freedom of Information Act.

The pertinent portions of the Act provide:

"(3) . . . each agency, on request for identifiable records . . . shall make the records promptly available to any person . . . .

\* \* \* \* \* \*

(b) This section does not appy to matters that are—

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential; . . . ." [1]

The statutory language and legislative history of the Freedom of Information Act demonstrate that the fundamental purpose of the Act was to broaden the citizen's access to government records.[2] Although Congress inaugurated a liberal policy of disclosure by passing the Act, it nevertheless recognized the importance of preserving the confidentiality of certain information in government possession. One of the several areas that was specifically exempted from disclosure is "commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). In order to justify the withholding of information under this section of the Act, the government must show that the information is: (1) commercial or financial; (2) obtained from a person; and (3) privileged or confidential. Getman v. National Labor Relations Board, 146 U.S.App.D.C. 209, 450 F.2d 670, 673 (1971); Consumers Union of United States, Inc. v. Veterans Administration, 301 F.Supp. 796, 802 (S.D.N.Y.1969), appeal dismissed, 436 F.2d 1363 (2d Cir. 1971). Since it is conceded that the information sought herein is financial information obtained from a person and that it is not privileged, the sole question remaining is whether it is confidential within the meaning of Section 552 (b)(4).

■ In determining the validity and scope of a claim of confidentiality, the Court must construe the subsection (b) (4) exemption in light of its legislative intent. Bristol-Myers Company v. Federal Trade Com'n, 138 U.S.App.D.C. 22, 424 F.2d 935, 938 (1970). The Senate Reports on the Freedom of Information Act defined the purpose of this subsection as follows:

> This exception is necessary to protect the confidentiality of information which is obtained by the Government through questionnaires or other inquiries, but which would customarily not be released to the public by the person from whom it was obtained. This would include business sales statistics, inventories, customer lists, and manufacturing processes. * * *

S.Rep.No.813, 89th Cong., 1st Sess. 9 (1965). The House Reports state that the exemption

> would also include information which is given to an agency in confidence, since a citizen must be able to confide in his Government. Moreover, where the Government has obligated itself in good faith not to disclose documents or information which it receives, it should be able to honor such obligations.

H.R.Rep.No.1497, 89th Cong., 2nd Sess. 10 (1966).

The documents involved in the present action contain detailed financial data of various concessioners, including sales statistics, inventories, holdings, expenses, statements of profits and gross receipts, securities, liabilities, and salaries and bonuses by position.[3] The essential question in ascertaining the applicability of subsection (b)(4) to these documents is whether the information sought is the type "which would customarily not be released to the public by the person from whom it was obtained." Sterling Drug Inc. v. Federal Trade Commission, 146 U.S.App.D.C. 237, 450 F.2d 698, 709 (1971), citing S.Rep.No.813, 89th Cong., 1st Sess. 9 (1965); accord, Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S.App.D.C. 147, 425

---

1. 5 U.S.C. § 552.

2. 5 U.S.C. § 552(a)(3). *See* S.Rep. No. 813, 89th Cong., 1st Sess. (1965); H.R. Rep. No. 1497, 89th Cong., 2nd Sess. (1966). *See also* Bristol-Myers Company v. F.T.C., 138 U.S.App.D.C. 22, 424 F.2d 935, 938 (1970); City of Con-

cord v. Ambrose, 333 F.Supp. 958 (N.D. Cal.1971).

3. *See* Exhibit A "Concessioner Annual Financial Report," and Exhibit B "Concessioner Opening Balance Sheet," attached to defendants' motion for summary judgment.

F.2d 578, 582 (1970); M. A. Schapiro & Co., Inc. v. Securities and Exchange Com'n, 339 F.Supp. 467 (D.D.C.1972).

In the comparable situation of the *Sterling* case, the United States Court of Appeals for the District of Columbia held, *inter alia*, that business and financial data submitted by several corporations to the Federal Trade Commission during the course of corporate acquisition proceedings were within the subsection (b)(4) exemption of the Act and were not subject to disclosure to litigants in a separate corporate acquisition matter pending before the Commission. The documents involved in that case consisted primarily of sales, cost and profit data. The Court emphasized that two of the corporations which submitted the date attempted to prevent disclosure of the documents. After citing the language of the Senate Reports with approval, the *Sterling* Court concluded that the information fell under the confidential information exception of the Act because it was not the type of information that a person would normally divulge to the general public.

██ In the instant suit, the audit reports and financial records requested by the plaintiff are similar to the information sought in *Sterling*. Furthermore, the National Park Service contacted each concessioner and asked permission to release the desired information to the plaintiff, but permission was denied.[4] Some courts have held that the subsection (b)(4) exemption applies merely where the information is obtained from a person outside the government agency and that person expresses the desire that the information remain confidential. Benson v. General Services Administration, 289 F.Supp. 590, 594 (W.D. Wash.1968), aff'd, 415 F.2d 878 (9th Cir. 1969). This Court agrees that the interests and privacy of the persons who submit the information should receive some weight in each determination as to the coverage and application of subsection (b)(4). Indeed, in Grumman Aircraft Engineering Corporation v. Renegotiation Board, 138 U.S.App.D.C. 147, 425 F.2d 578, 580 (1970), the Court acknowledged that subsection (b)(4) "was designed to prevent the unwarranted invasions of personal privacy which might be caused by the Government's indiscriminate release of confidential information." However, the controlling test, as outlined in the legislative history of the confidential information exemption and later adopted in the *Sterling, Grumman,* and *Schapiro* decisions, is whether the documents requested could be fairly characterized as the type of information that would not generally be made available for public perusal. After carefully reviewing the cross-motions for summary judgment, attached affidavits and exhibits, and relevant points and authorities, the Court concludes that the extensive financial data sought by the plaintiff herein falls within the subsection (b)(4) exemption to the Freedom of Information Act and therefore the relief requested should be denied. The Court further finds that any deletions would not alter the basic confidential nature of these documents nor ensure the anonymity and privacy of the concessioners who submitted the detailed financial information to the government.

Wherefore, it is by the Court this 4th day of December, 1972,

Ordered that the defendants' motion for summary judgment be and the same is hereby granted; and it is further

Ordered that plaintiff's motion for summary judgment be and the same is hereby denied.

---

4. See Affidavit of Lawrence C. Hadley, attached to defendants' motion for summary judgment.