**ASH GROVE CEMENT COMPANY,**
**Plaintiff,**

v.

**FEDERAL TRADE COMMISSION et al.,**
**Defendants.**

**Civ. A. No. 1298–71.**

United States District Court,
District of Columbia.
Oct. 24, 1973.

David J. McKean, Robert L. Williams, Washington, D. C., for plaintiff.

Harold H. Titus, Jr., U. S. Atty., Arnold T. Aikens, Asst. U. S. Atty., James T. Halverson, Acting Gen. Counsel, FTC, Harold D. Rhynedance, Jr., Asst. Gen. Counsel, FTC, Karl H. Buschmann, Atty., FTC, for defendants.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

## I. BACKGROUND

This cause came before the Court for hearing on plaintiff Ash Grove Cement Company's Motion for Entry of a Third Memorandum Order, which would require defendant Federal Trade Commission to produce for *in camera* inspection and pursuant to the Freedom of Information Act certain documents in the FTC's possession, and for hearing on Defendants' Renewed Motion for Summary Judgment, which would have the effect of precluding the *in camera* inspection and production of said documents. Plaintiff is currently the respondent in an FTC adjudicative proceeding relating to Plaintiff's possible violation of the antitrust laws. In that proceeding, Plaintiff has asserted the defense that the Commission had illegally pre-judged and decided in advance all the allegations of the adjudicative complaint. Plaintiff further asserts that the documents sought in the instant lawsuit are necessary to substantiate that defense. This Court has already entered two Memorandum Orders directing that certain steps be taken by Defendants with regard to the documents in question.[1] Upon consideration of the instant Motion, the Court has determined that Defendants must be required to produce some, but not all, of the documents requested for the Court's *in camera* inspection.

## II. ISSUES

There are four categories of documents being sought by the Plaintiff. These categories consist of: (1) internal memoranda of the FTC; (2) FTC

investigative files; (3) directive-type minutes from members of the Commission to members of the Commission staff; and (4) "chronological minutes", which are essentially accounts of the Commission's executive meetings and the deliberations of the Commission. Defendants have identified and Plaintiff has specified with particularity 42 documents sought in the first category, 4 in the second and 17 in the third. The particular documents sought in the fourth category have not been delineated by either party. The sole issue with respect to all of these documents is whether they fall within one of the nine exemptions listed in the Freedom of Information Act, 5 U.S.C. § 552(b).

## III. DISCUSSION

A. *The Commission Has Described Its Internal Memoranda With Sufficient Particularity To Demonstrate Exemption From Production Under The FOIA.*

Under its prior Orders, the Court requested the Commission attempt a review, deletion and disclosure with respect to documents previously listed by the Commission as intra-agency memoranda for which it had claimed exemption under the FOIA, 5 U.S.C. § 552(b)(5).[2] Many of those documents were later released to the Plaintiff's counsel for their inspection. Those memoranda which the Commission still believes to be confidential under the fifth statutory exemption and relevant case law, and which the Commission has refused to produce, have been listed and described in an affidavit filed by Charles H. Koch, an attorney in the Commission's Office of General Counsel.[3] Out of this group, Plaintiff

---

1. Ash Grove Cement Company v. FTC, Civil Action No. 1298–71, Memorandum Order and Second Memorandum Order, both filed February 22, 1973.

2. 5 U.S.C. § 552(b)(5) provides that an agency is not required to make its records available for inspection if such records con-

sist of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency".

3. Affidavit of Charles H. Koch, Jr., Office of the General Counsel, FTC, filed March 22, 1973.

has narrowed its request to 42 documents.

Since the oral hearing, the Court has again carefully reviewed the affidavit containing the description of these documents. Both parties agree that the documents are correctly categorized as inter- or intra-agency memoranda, but Plaintiff contends that they must nonetheless be produced under the rationale that the Commission may have relied upon the documents in determining policies and interpretations which became in effect "secret law". Documents constituting such "secret law" must be produced under the case law developed by the Court of Appeals for the District of Columbia.[4] Moreover, Plaintiff contends that the description of the documents contained in the Koch affidavit are so conclusory as to prevent the Court's accurate determination of their nature without first conducting an *in camera* inspection.

The Supreme Court in Environmental Protection Agency v. Mink held that *in camera* inspection of agency documents need not be automatic if the agency can demonstrate through affidavit that the documents sought are exempt under the FOIA.[5] In the instant case, the affidavit submitted on behalf of the Commission lists each document and describes *in general terms* its content. These descriptions are more than mere conclusions. They provide the Court with enough information to enable it to determine which division of the agency (and in many instances which individual within the agency) authored the memo, to which division (or individual) the memo was sent, and the particular areas of policy or other matters which were discussed. The Court is of the opinion that these descriptions are sufficiently detailed to demonstrate that the memos are in fact expressions of opinions and internal discussions of policy. It is exactly these types of memoranda which the fifth exemption was designed to protect from disclosure.[6] The Court believes that to require a more detailed affidavit from the Defendants would be tantamount to requiring full disclosure of the substance of the documents.[7] Therefore, unless these documents contain "secret law", they are exempt.

As to whether the memos constitute the basis for or contain "secret law", the Court starts with the assertion in Mr. Koch's affidavit that "none of the documents reveal 'secret law' which is binding on the agency, and none of them constitutes the basis for Commission decisions".[8] While this assertion might not of itself be sufficient to preclude further examination, there are other factors which support the truth of this statement. The most important of these is that *none of the memoranda sought under this category were issued by the Commission itself*. Rather, the memos were for the most part communications between staff members, staff members and the Commission, and individual Commissioners and the Commission. There is no indication in the record that any one or more of the memos sought by Plaintiff were used to formulate or contain "secret law", and indeed, the Court discerns no likelihood that such is the case in view of the fact that none of these memoranda were is-

4. Sterling Drug v. FTC, 146 U.S.App.D.C. 237, 450 F.2d 698 (1971) ; American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 411 F.2d 696 (1968).

5. EPA v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).

6. Sterling Drug, Inc. v. FTC, supra, 450 F. 2d at 705–708 ; Bristol-Meyers Co. v. FTC, 138 U.S.App.D.C. 22, 424 F.2d 935, 939, cert. denied, 400 U.S. 824, 91 S.Ct. 46, 27

L.Ed.2d 52 (1970) ; American Mail Line, Ltd. v. Gulick, supra, 411 F.2d at 703.

7. In Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), the Court stated: "An analysis sufficiently detailed would not have to contain factual descriptions that if made public would compromise the secret nature of the information but could ordinarily be composed without excessive reference to the actual language of the document."

8. Koch Affidavit, supra at 2.

sued by the Commission. If the Commission has in fact developed any "secret law", it would in all probability have been developed through study of a multitude of sources, no one of which would constitute an accurate picture of the final result. Moreover, in the event that an examination of other Commission documents reveals that the memos in this category do contain "secret law", the Court can at that time inspect the memo or memos to which reference has been made. This was the general procedure set forth by the Court of Appeals in the *Sterling* case, and the Court believes that such a procedure is both appropriate and applicable here.[9] Accordingly, the Court will not at this time require the production of documents listed in category one for *in camera* inspection.[10]

B. *The Court Will Require The FTC To Produce For In Camera Inspection Those Memoranda Which It Has Labelled As Investigatory Files.*

The Freedom of Information Act, 5 U.S.C. § 552(b)(7), exempts from disclosure "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency". The Defendants claim that this portion of the statute creates a blanket exemption for all memoranda and documents listed as "investigatory files" in the Koch affidavit.

 While there is no doubt that Plaintiff is currently the subject of a pending proceeding before the Commission, the Court is not content with the simple listing of documents under the heading of investigatory files, without a more thorough explanation of the substance of those documents. A more detailed examination is required in order to determine whether those documents contain any materials which might be discoverable by a person "charged with violations of federal criminal law".[11] The Court will accordingly conduct an *in camera* inspection of the four memoranda sought by Plaintiff and listed by the Defendants as investigatory files.

C. *The Court Will Require The FTC To Produce For In Camera Inspection Those Commission Minutes Which Constitute Staff Directives.*

 In its Second Memorandum Order, the Court recognized two types of Commission minutes, both of which types were being sought by the Plaintiff. One of these types consists of "directives by the Commission and communications of policy between the Commission and its staff",[12] and may be named "blue minutes" because they are printed in blue mimeograph lettering. The Defendants contend that these memoranda are exempt under the fifth exemption of the FOIA. The Court requested review, deletion and disclosure similar to that to be conducted for other documents for which exemption was claimed under 5 U.S.C. § 552(b)(5).

While the Koch affidavit filed in response to the Court's request lists and describes in some detail those memoranda, the Court is nonetheless of the opinion that the 17 memos still being sought by Plaintiff should be produced for *in camera* inspection. The reason for this is obvious, for if any of the documents

---

9. Sterling Drug, Inc. v. FTC, supra, 450 F. 2d at 706–707.

10. The Court notes that a very small proportion of the documents sought may contain factual and statistical data which may be separable from the opinions and discussions contained in such documents, although Defendants' affidavit asserts that this is not the case. While such factual information

would normally be subject to disclosure, Plaintiff does not appear to be concerned with this type of information, and accordingly, the Court will not undertake the process of filtering it out of the documents.

11. Bristol-Meyers Company v. FTC, supra, 424 F.2d at 939.

12. Koch Affidavit, supra at 2.

sought demonstrate the existence of "secret law", it would appear in the Commission's directives to its staff and/or communications of policy between the Commission and its staff.

D. *The Commission's "Chronological Minutes" Are Exempt From Disclosure Under The Fifth Exemption Of The Freedom Of Information Act.*

 The second type of minutes sought by Plaintiff are called "chronological minutes" by the Commission. These minutes have been identified as: [13]

"[A]ccounts of the Commission's executive meetings and conferences . . . the deliberations of the Commission such as exchange of opinions between individual Commissioners, their recommendations, motions, discussions and statements. They also contain staff recommendations and involve pending cases, internal reorganization procedures, personnel actions, policy determinations and generally reflect the Commission's decision making process."

In its Second Memorandum Order, the Court requested Defendants to treat these chronological minutes in the same manner they were to treat other documents claimed to be exempt under 5 U. S.C. § 552(b)(5). In response to this request, the Defendants, rather than listing and describing this group of documents, reasserted their contention that they are exempted pursuant to § 552(b)(5) without the necessity of *in camera* inspection or a description with particularity. Plaintiff, while apparently accepting the characterization of chronological minutes as set forth above, argues that these documents may contain evidence of "secret law" and as such must be produced, at least for *in camera* inspection.

Upon further consideration of this issue, the Court does not believe that

Plaintiff's assertion that an examination of the Commission's chronological minutes will uncover evidence of "secret law" is sufficient in this case to overcome the need to preserve the free flow of ideas between Commissioners. In this regard, the Court is in full agreement with the majority in the *Sterling Drug* case, wherein the Court of Appeals stated: [14]

"In most agencies the exchange of views between Commissioners or Board members is considered perhaps the most essential element in the decisional process. Thus, continual expression of ideas and strong advocacy of positions are to be encouraged to the fullest at this level. In our opinion any attempt to separate a Commissioner's statements as to the basis for a past decision from his views regarding the disposition of a current case and to disclose the former might well infringe upon these essential communications."

Accordingly, the Court will not require Defendants to do any more than has already been done with respect to the Commission's chronological minutes, and no *in camera* inspection will be required. In the event that an examination of the Commission's "blue minutes" reveals that its chronological minutes do contain evidence of "secret law", the Court can at that time inspect the memo or memos to which reference has been made.

## IV. CONCLUSION

In conclusion, the Court will deny Defendants' Motion for Summary Judgment pending an *in camera* inspection of those investigatory files and Commission staff directives specified by the Plaintiff. No *in camera* inspection of those memoranda discussed in Section III. A. of this Opinion, or of those memoranda labelled as chronological minutes of the Commission will be required or undertaken at this time.

13. Second Memorandum Order, supra at 2–3.

14. Sterling Drug, Inc. v. FTC, supra, 450 F. 2d at 708.