**Roy MILLER, Plaintiff,**

**v.**

**Willard J. SMITH, Commandant, United States Coast Guard, Defendant.**

**No. 68 Civ. 1776.**

United States District Court
S. D. New York.

Nov. 12, 1968.

Edward R. Downing, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Louis E. Greco, Atty. in Charge, Admiralty & Shipping Section, Civil Div., Dept. of Justice, New York City, for defendant, Peter Martin Klein, New York City, of counsel.

WYATT, District Judge.

This is a motion for defendant Commandant of the Coast Guard (Commandant) for an order sustaining an objection to an interrogatory served by plaintiff (Fed.R.Civ.P. 33) and for a protective order in respect of the same interrogatory (Fed.R.Civ.P. 33, 30(b)).

The action is one for judicial review of an Order and Decision of the Commandant made on November 24, 1967. Such review is provided for by Section 10 of the Administrative Procedure Act (5 U.S.C. §§ 701–706).

There is no doubt but that the Court has jurisdiction as provided in the Act just cited. Whether venue is proper might perhaps be questioned but defendant has answered and has waived any objection to the venue.

The issue posed by this motion is whether plaintiff is entitled to copies of memoranda prepared by members of the staff of the Commandant. To resolve this issue requires review of the proceedings in some detail.

Plaintiff holds a license as a pilot issued by the Coast Guard. 46 U.S.C. §§ 214, 224; 46 C.F.R. §§ 10.05–39, 10.05–43. Undoubtedly plaintiff also holds a license as a master; in such cases there are not two licenses but the master's license is endorsed to show that the holder can act as pilot. 46 C.F.R. § 10.05–42.

Plaintiff was charged with negligence in connection with a collision between two vessels in New York Harbor on March 11, 1965, on one of which plaintiff was then acting as pilot. This was by authority of 46 U.S.C. § 239 which provides also that the Commandant may make regulations to govern the investigation of marine casualties and all acts of incompetency or misconduct of licensed persons, whether or not connected with a marine casualty. The same statute provides in substance and in relevant part that if it is found that a licensed pilot has been negligent such findings shall be recited in an order and the license of the pilot shall be suspended or revoked.

The provision in the Code (46 U.S.C. § 239(g)) is somewhat confusing as to the procedure. It provides that the Commandant shall review the "whole record" of the investigation and that he in an appropriate case shall by order suspend the license of the person involved. The section further provides that an appeal may then be taken to the Commandant. The reason for this lies in the transfers to the Commandant, by statute or Reorganization Plan, of what were formerly separate functions. In any event, the Commandant has delegated to a civilian examiner his authority to make an order of suspension and revocation in the first instance. 46 C.F.R. §§ 1.15, 137.20–1, 137.20–155, 137.20–170. The Commandant has specifically declared that he "has not delegated the authority to make final decisions on appeals". 46 C.F.R. § 1.10(a).

The charge was served on plaintiff (46 C.F.R. § 137.05–25) and was then heard in New York by an Examiner (46 C.F.R. § 137.20–1) who made an order on November 29, 1965 (46 C.F.R. § 137.20–155). This was the "initial decision" (5 U.S.C. § 557(b)). The Examiner found that plaintiff was guilty of negligence in that he had "violated several rules for the navigation of vessels" (Klein affidavit, p. 2). The Examiner ordered his licenses, as pilot, master or otherwise, suspended for two months.

As provided in 46 U.S.C. § 239(g), plaintiff appealed to the Commandant from the initial decision of the Examiner.

The Commandant on November 24, 1967, approved the findings and conclusions of the Examiner but remitted the suspension of licenses.

■ The decision of the Commandant on appeal is final and under the cited statute is a personal decision of the Commandant. The Regulations, reflecting the statute, provide: "The Commandant is the final and sole authority for action on appeals or reviews of suspension and revocation proceedings" (46 C.F.R. § 1.10(a)).

■ There is no decisional authority of any sort between the Examiner and the Commandant. The appeal is directly to the Commandant. The responsibility for decision is his alone and the manner in which he uses available personnel to assist him is for him alone to decide.

The statute requires only that "the appellant shall be allowed to be represented by counsel" (46 U.S.C. § 239(g)). It is not required by the statute that oral argument to the Commandant be allowed.

The Commandant naturally makes use of members of his staff in reaching decisions in suspension or revocation proceedings. It would not be appropriate to include in Regulations the internal procedure in the Commandant's office for handling appeals in these matters. However, in answers made to interrogatories herein the Commandant has disclosed the procedure followed in his office in discharging his decisional responsibility under 46 U.S.C. § 239(g).

Where request is made for oral argument, those occupying the office of Commandant have for many years permitted it. Up to a point in time, oral argument was made to the Commandant in person. There came a point, however, when this practice proved too burdensome because of the amount of time required.

In order to permit oral argument to continue, the practice developed for the Commandant to appoint from his staff at his Headquarters a Permanent Board to Hear Oral Argument. This Board has three members: the Chief of Staff, the Chief of the Legal Division, and the Chief Examiner. The members are permitted to appoint delegates. A stenographic transcript is made of the oral argument.

The Commandant requires the Board to submit its opinion and recommendations to the Chief Counsel, another member of the Commandant's staff. The transcript of the oral argument goes to the Chief Counsel.

The Chief Counsel is described in the Regulations as a staff officer "assigned to the Commandant" (46 C.F.R. § 1.01).

According to the internal procedure of the Commandant's office, the Chief Counsel prepares proposed decisions for the Commandant. Then he forwards to the Commandant the proposed decision, the transcript of the oral argument, the record made before the Examiner, and the findings, conclusions and order of the Examiner. Normally the Chief Counsel would also send to the Commandant the opinion and recommendations of the Permanent Board to Hear Oral Argument but apparently this is a matter within his discretion.

In the case at bar, the outlined procedure was followed. Oral argument was had for plaintiff to the Board. Two of the members made and signed a memorandum apparently recommending that the Examiner be upheld. The third member made and signed a memorandum recommending that the Examiner be reversed. It is these two memoranda of members of the Board which plaintiff demands to see. The Commandant, as already indicated, upheld the finding of negligence by the Examiner but declined to order suspension of the license of plaintiff.

The decision of the Commandant will be the subject of judicial review in the case at bar. Does plaintiff in this connection have any right to require that the memoranda of the Board be made available to him?

This precise question has already been answered in the negative by two decisions of this Court. Ingham v. Smith, 274 F.Supp. 137, 145–146 (September 30, 1967); Rechany v. Roland, 235 F. Supp. 79, 81 fn. 2 (October 12, 1964).

The principle behind such rulings is the same as that which would deny litigants access to memoranda of a law assistant, usually called a law clerk, to a judge. The responsibility for decision is that of the judge alone; discussion with his assistants (and their memoranda to him) are wholly irrelevant. Relying on United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941), the principle was summarized in Norris & Hirshberg, Inc. v. SEC, 82 U.S.App.D.C. 32, 163 F.2d 689, 693 (1947), cert. denied 333 U.S. 867, 68 S.Ct. 788, 92 L.Ed. 1145 (1949):

" * * * internal memoranda made during the decisional process * * *

are never included in a record. An administrative agency, such as the respondent here, may utilize the services of subordinates to sift and analyze the evidence received by the trial examiner and subsequent use by the agency of a written résumé of that sifting and analyzing is a part of its internal decisional process which may not be probed on appeal."

Apparently plaintiff would distinguish these authorities on the argument that they were "decided prior to the enactment of the Public Information Act" (Memo for plaintiff, p. 8).

The Administrative Procedure Act ("the Act") was approved June 11, 1946 (60 Stat. 237) and had a Section 3 headed "Public Information" (60 Stat. 238); this became 5 U.S.C. § 1002.

Then Section 3 of the Act was amended by Public Law 89–487 (80 Stat. 250) approved July 4, 1966 effective July 4, 1967. As thus amended, Section 3 became exactly what is now 5 U.S.C. § 552, headed "Public information; agency rules, opinions, orders, records and proceedings". The object of the amendment was, broadly speaking, to make it clear that all executive records were available to the public except those falling within one of nine stated categories. For failure to make records promptly available, Section 3 as amended carried its own remedy: application to a federal district court for an order directing production.

Section 3 as amended excepted from the records to be available to the public nine categories, one of which was

"(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency".

The reason for this exception was thus stated, in part in H.R. No. 1497((1966) 2 U.S.Cong. & Adm.News, p. 2427):

"Agency witnesses argued that a full and frank exchange of opinions would be impossible if all internal communications were made public. They contended, and with merit, that advice from staff assistants and the exchange of ideas among agency personnel would not be completely frank if they were forced to 'operate in a fishbowl' ".

By Public Law 89–554 approved September 6, 1966 (80 Stat. 378), among other things, what had been 5 U.S.C. § 1002 was recodified as 5 U.S.C. § 552. Since the amendment to Section 3 of the Act was not yet effective, the then effective Section 3 became 5 U.S.C. § 552.

By Public Law 90–23 approved June 5, 1967 effective July 4, 1967 (81 Stat. 54), 5 U.S.C. § 552 was amended to read as did Section 3 of the Act as amended by Public Law 89–487, with minor changes in wording. Thus 5 U.S.C. § 552, the "public information" section of the Act, has been in effect in its present form since July 4, 1967. It was thus in effect when Judge Herlands decided Ingham v. Smith, above cited, a case exactly in point.

It seems perfectly clear that the public information section of the Act does not give plaintiff any right to the memoranda of the Board. They are plainly "intra-agency memorandums" and, as shown in Norris & Hirshberg, Inc. v. SEC, above cited, and the other decisions cited they would not be available in ordinary litigation.

The result reached seems sound in principle. It would inhibit the free expression and interchange of views within the Commandant's staff if staff memoranda were available to the public. There is no public interest to be served in making them public. The situation is not like that of an agency, such as the Securities and Exchange Commission, having a number of members. A decision of the Commission is made by majority vote of its five members. The public, of course, is entitled to know how each member voted and where opinions are written by the members voting, to have copies of those opinions whether concurring or dissenting. Here the agency is sole, the Commandant himself. His decision and order must be available, but not staff memoranda such as the

opinions of the members of the Permanent Board to Hear Oral Argument.

The motion is granted and the objection of defendant to Interrogatory 1(c) is sustained.

So ordered.