**Lorne OLSEN, B. D. Carey, James A. Stirling, George Ivan Cox, Eugene L. Sparrow, James D. Flannery, James Richardson, Jr., William B. Bachman, Jr., Floyd Elsworth Mengel, proposed organizers of Inter-Lakes National Bank, a national banking association in the process of formation, Plaintiffs,**

v.

**William B. CAMP, Comptroller of the Currency of the United States, Defendant.**

**Civ. A. No. 31804.**

United States District Court, E. D. Michigan, S. D.

Sept. 26, 1969.

Supplemental Opinion July 13, 1970.

William H. Merrill, Paul D. Sherr, Parsons, Tennent, Hammond, Hardig & Ziegelman, Detroit, Mich., for plaintiffs.

William D. Ruckelshaus, Asst. Atty. Gen., Harland F. Leathers, Robert D. Bernstein, Attys., Dept. of Justice, Washington, D. C., Robert J. Grace, U. S. Atty., Milton J. Trumbauer, Asst. U. S. Atty., Detroit, Mich., C. Westbrook Murphy, Gerald Lamberti, Office of Comptroller of Currency, Washington, D. C., of counsel, for defendant.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND GRANTING PLAINTIFFS' MOTION TO PRODUCE

THEODORE LEVIN, District Judge.

Plaintiffs applied to defendant for a certificate authorizing plaintiffs to commence the banking business under 12 U. S.C. § 27. The defendant refused to approve the application. Plaintiffs brought this action alleging that the decision of the defendant was "unreasonable, arbitrary and capricious, an abuse of discretion, and contrary to the provisions of 12 U.S.C. § 27." Defendant moved to dismiss. Subsequently, plain-

tiffs amended their complaint substituting themselves as plaintiffs in place of Inter-Lakes National Bank. Defendant's motion will be treated as a motion to dismiss the amended complaint.

■ A district court has jurisdiction to review the Comptroller's decision granting a charter for a new bank when challenged by the new bank's competitors. Warren Bank v. Saxon, 263 F. Supp. 34 (E.D.Mich.1966), aff'd 396 F. 2d 52 (6th Cir. 1968); Webster Groves Trust Co. v. Saxon, 370 F.2d 381 (8th Cir. 1966). For purposes of determining jurisdiction, there is no distinction between the granting of a charter and the denial of a charter. It is clear under the Administrative Procedure Act, that if defendant refused plaintiffs' application arbitrarily and capriciously, plaintiffs have suffered a "legal wrong because of agency action" and therefore have standing to sue. 5 U.S.C. § 702. Thus, this court has jurisdiction to determine whether the action of the defendant was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

■ Plaintiffs have also moved for the production of defendant's administrative file relating to plaintiffs' application. This file is a principal source of evidence of defendant's alleged arbitrariness and capriciousness. Such evidence is not otherwise available to plaintiffs and is central to their case. Plaintiffs have thus shown good cause for the production of defendant's administrative file relating to plaintiffs' application. F.R.Civ.P. 34, therefore,

It is hereby ordered that defendant's motion to dismiss is hereby denied and that plaintiffs' motion to compel production of defendant's administrative file is hereby granted.

### OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR THE PRODUCTION OF DOCUMENTS

Plaintiffs have moved for the production of defendant's administrative file relating to plaintiffs' application for a banking charter. Defendant submitted substantial portions of the file to the Court and to plaintiffs, but claims privilege for the remaining portions. The Secretary of the Treasury, David M. Kennedy, has filed an affidavit with the Court, asserting that he has examined these documents and has determined that it would be "inconsistent with the public interest" to produce the documents. The Court having determined in an order issued on September 26, 1969 that there is good cause for the production of the file, the sole question relates to this claim of executive privilege.

■ The assertion of executive privilege by the Secretary of the Treasury is entitled to great respect. However, it is the duty of the Court to make an independent determination of whether a privilege does exist. Central to such a determination is a fine balancing process by the Court between the public interests in the suppression of these documents and the need of the plaintiffs for these documents in the prosecution of this law suit. United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953).

The Secretary has separated the documents into the following five groups:

(1) "Forty-nine letters or documents submitted in confidence concerning the character, ability, and financial affairs of the individual applicants and proposed management of the applied for national bank."

(2) "Ten individual memoranda prepared by a national bank examiner concerning the character, ability, and financial affairs of each of the applicants for the proposed new bank."

(3) "Six documents and portions of the investigating examiner's report showing opinions and evaluations by the investigating examiner and other members of the Comptroller's staff and containing in some instances information

received in confidence and relating to the conditions and management of existing banks."

(4) "Two inter-office memoranda concerning information obtained in confidence from another federal bank regulatory agency about existing banks with whom one of the organizers of the proposed bank in Walled Lake was affiliated."

(5) "Portions of two memoranda concerning conversations between members of the Comptroller's staff and one or more of the applicants which discussed or might reflect upon existing banks with whom some of the applicants have been associated."

 Defendant contends that he should not be required to produce the intra-departmental memoranda and other documents containing opinions and recommendations, since these documents are not relevant and are privileged. Generally, in reviewing a decision of an administrative agency "it is not the proper function of the court to probe the mental processes" of the agency and consequently intra-office memoranda normally are not relevant. Walled Lake Door Co. v. U. S., 31 F.R.D. 258 (E.D. Mich.1962); Miller v. Smith, 292 F. Supp. 55 (S.D.N.Y.1968); Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena, 40 F.R.D. 318 (D.D.C.1966). However, this present action is distinguishable from the cases in which that principle is normally applied. The question in this case is not whether the decision of the Comptroller was within the realm of his authority or whether there was substantial evidence to support his decision. Rather the question is whether the Comptroller complied with the requirements of 12 U.S.C. § 27 prior to the exercise of his discretion. Section 27 requires that the Comptroller make "a careful examination of the facts" prior to exercising his discretion. Thus, the contents of the memoranda and other documents containing opinions and recommendations to the Comptroller are

relevant in this case. Bank of Dearborn v. Saxon, 244 F.Supp. 394 (E.D.Mich. 1965), aff'd 377 F.2d 496 (6th Cir. 1967); Community National Bank of Pontiac v. Gidney, 192 F.Supp. 514 (E. D.Mich.1961) (dictum).

 Defendant also relies on the well recognized privilege for intra-office memoranda. This privilege arises from the important interest in preserving the integrity of the communicative process between the administrator and his subordinates. Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena *supra*. However, this privilege is not absolute. Singer Sewing Machine Co. v. N. L. R. B., 329 F.2d 200 (4th Cir. 1964); Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena, *supra*. The governmental interests must be balanced against the plaintiffs' interests in obtaining access to the memoranda. The alleged lack of forthrightness on the part of the Comptroller in informing the plaintiffs of the reasons for the denial of the charter raises a reasonable doubt that the reasons for the denial are other than those given. Plaintiffs would be virtually precluded from proving unreasonable conduct on the part of the defendant if they were unable to examine these documents. Consequently, the Court finds that the plaintiffs' interests outweigh the defendant's interests underlying the privilege and that defendant must produce these documents subject to conditions discussed below which may be applicable.

It is defendant's contention that the obtaining of information about the character, ability, and financial affairs of organizers of national banks is essential to the financial stability of the banking system and that this information can best be obtained if the Comptroller of the Currency is able to insure informers that any information supplied will be kept confidential. While the invocation of the Government's "informers privilege" is not appropriate here since the identity of the informers is known to the plaintiffs, it is clear that the Government does have an interest in insur-

ing the confidentiality of replies from individual informers. On the other hand, the plaintiffs have a strong interest in knowing whether false, scandalous, or improper information concerning the character, ability, and financial affairs of the plaintiffs was placed before the Comptroller. The Comptroller has indicated to the Court that for the purposes of this action, the Comptroller is willing to have the Court assume that none of these documents reflects adversely on any of the plaintiffs. This willingness, however, does not fully protect plaintiffs if derogatory information was placed before the Comptroller for his consideration.

These conflicting interests can best be resolved by the defendant submitting to the Court those documents obtained in confidence relating to the character, ability, and financial status of the plaintiffs. The Court will then review the documents *in camera* and release to plaintiffs those which may reflect derogatorily on the plaintiffs and, if possible, mask those sections which would reveal the source of the information. Compare, Walled Lake Door Co. v. United States, *supra*.

Certain of these letters and documents were not submitted by individuals but by commercial sources such as Dun & Bradstreet, Inc. The Government in subscribing to these services is in the same position as any private party receiving confidential reports and is entitled to no more protection than any other subscriber. Consequently, there is no privilege for these documents, and defendant should produce them without Court inspection.

Defendant also asserts that certain of these documents should be privileged since they relate in part to the conditions and management of existing banks. There is a clear public interest in maintaining the confidentiality of such information vis-a-vis the public. However, two of the plaintiffs are directors of one of these banks and thus have access to similar information. The public interest can be protected by a protective order limiting perusal of these portions of the documents to these two directors and their attorneys. The defendant should designate the portions of these documents which should be so protected.

It is hereby ordered that defendant produce documents as follows:

(1) The forty-nine documents and ten memoranda listed above in categories (1) and (2) shall be submitted to the Court for *in camera* inspection with the exception of those documents originating from commercial sources which shall be submitted directly to plaintiffs;

(2) The six documents and four memoranda listed above in categories (3), (4) and (5) shall be produced except that the portions relating to the conditions and management of existing banks shall be so designated and may only be viewed by the plaintiffs associated with the banks and their attorneys.