**Harrison WELLFORD,**

v.

**Clifford L. HARDIN, Ind. and as Secretary of Agriculture et al.**

**Civ. A. No. 21551.**

United States District Court,
D. Maryland.

July 19, 1971.

James J. Hanks, Jr., Baltimore, Md., for plaintiff.

George Beall, U. S. Atty., J. Frederick Motz, Asst. U. S. Atty., Baltimore, Md., and Jeffrey F. Axelrad, Dept. of Justice, Washington, D. C., for defendants.

NORTHROP, Chief Judge.

This case was originally decided by this court on June 26, 1970. Wellford v. Hardin, 315 F.Supp. 175 (D.Md.1970). The Government took an appeal.

In the decision rendered by this court, the Government was required to present for *in camera* inspection two types of documents, namely, a document known as the Biweekly Reports of the Director, Slaughter Inspection Division, to the Administrator of the Consumer and Marketing Service and Minutes of the Meetings of the National Food Inspec-tion Advisory Committee. These documents I will describe in more detail hereinafter.

Following notice of appeal, Judge Watkins on July 14, 1970, issued a stay of this court's order pending appeal. Both parties then obtained from the Fourth Circuit Court of Appeals on August 20, 1970, an order vacating that stay and dismissing the appeal as to Part Two of this court's order of June 26, 1970.

Part Two, as I have heretofore mentioned, has to do with the *in camera* inspection of the Biweekly Reports and the Minutes of the Meeting of the National Food Inspection Advisory Committee.

The Court of Appeals on August 20, 1970, upon the motion of both parties, dismissed the appeal as to the production *in camera* of the Minutes and the Biweekly Reports and vacated the District Court's stay of the proceedings as to these reports. These reports are now before this court with defendant's motion for reconsideration, the reports having been submitted to this court in a sealed envelope, but not opened as of this date.

In its motion for reconsideration, the defendant requests that this court grant its initial motion filed heretofore in connection with this case to dismiss, or in the alternative for summary judgment as to these two reports.

The issue before this court, therefore, is whether to grant the defendant's motion to dismiss and/or summary judgment.

It then becomes pertinent to define the dispute in this matter. The plaintiff claims that he has a right to inspect these reports or to have the court inspect them *in camera* and to extract therefrom scientific or factual matter pertaining to his suit. Plaintiff contends that 5 U.S.C. Section 552(b) (5) which sets up an exemption from disclosure of all "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other

than an agency in litigation with the agency" is inapplicable to these documents.

·To resolve this dispute, a description of these documents is in order.

1. *Biweekly Reports.*

These Biweekly Reports are prepared by the Slaughter Inspection Division of the Department of Agriculture and are a part of the reporting mechanism within the Consumer and Marketing Service of the Department of Agriculture.

They contain, and I quote from paragraph 11 of the Administrator, Consumer and Marketing Service, Roy W. Lennartson's affidavit, the following:

> [S]ummaries of work accomplishments; current and potential problems of both an operational and an administrative nature; future procurement plans for food commodities * * * and comments, opinions, judgments, and recommendations on developments and personnel practices affecting or relating to the administration of agency programs.

2. *Minutes of the Meetings of the National Food Inspection Advisory Committee.*

In accordance with Mr. Lennartson's affidavit, paragraph 14, the Advisory Committee was established under authority granted the Secretary of Agriculture by the Federal Meat Inspection Act, 21 U.S.C. § 661 et seq., and the Poultry Products Inspection Act, 21 U.S.C. § 454 et seq., for purposes including "1. [E]valuating State programs for the purpose of the Acts, 2. [O]btaining better coordination and more uniformity among the State programs and between Federal and State programs, 3. [P]roviding adequate protection to consumers."

These Minutes, according to the affidavit, are records of the deliberations of this Committee and contain opinions, conclusions and recommendations of the Committee.

The plaintiff at this hearing, as he did in the original arguments before this court last summer, 1970, relies most strongly upon the interpretation of the statute in question articulated in Bristol-Myers Company v. Federal Trade Commission, 138 U.S.App.D.C. 22, 424 F.2d 935 (1970); Ackerly v. Ley, 137 U.S.App.D.C. 133, 420 F.2d 1336 (1969), and other cases interpreting this statute by the District Court for the District of Columbia.

It would appear from a perusal of the authorities in connection with the interpretation of this Section that certainly the most liberal construction is placed upon it by the federal courts in the District of Columbia.

*Bristol-Myers* enunciates the framework which plaintiff feels a district court must observe in making a determination as to the applicability of the exemption contained in 5 U.S.C. Section 552(b) (5).

The statute is specific, however, in its exemption of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. Section 552(b) (5).

This provision encourages the free exchange of ideas among Government policymakers, but it does not authorize an agency to throw a protective blanket over all information by casting it in the form of an internal memorandum. Purely factual reports and scientific studies cannot be cloaked in secrecy by an exemption designed to protect only "those internal working papers in which opinions are expressed and policies formulated and recommended."

Furthermore, an internal memorandum may lose its protected status when it is publicly cited by an agency as the sole basis for its action.

I will say that this court in its opinion of June 26, 1970, erroneously felt that the documents in question here were such that they should be produced *in camera* for the court's perusal and deletion of "factual or scientific information"; that information having been culled from these reports, the documents should be turned over to the plaintiff.

██ However, on reconsideration, after hearing argument of counsel today, checking decisions from other jurisdictions, and, more particularly, in focusing on the character and nature of the Biweekly Reports and the Minutes themselves, this court feels that they are documents which should not be subjected to the scrutiny of this court, but rather, reflect inter-agency matters which are certainly of the opinion and formative nature, and thus fall within the purview of the exemption granted by Congress.

A close perusal of the Congressional intent in the enactment of this legislation indicates that Congress did not wish to put any more blocks in the way of inter-agency communication and further slow down the already snail pace of policymaking in the departments. Congress felt that the free exchange of ideas within these departments which ultimately go into the making of the policy decisions and resolutions would be impeded if there were public disclosure.

This court feels that the plaintiff's reliance on *Ackerly* is not well-taken in that the documents in question in that proceeding were not as well defined by any manner or means as they are in this case. In any event, *Ackerly* merely said, in effect, that the District Court should determine the nature of the documents in question.

There are a number of cases which would appear to support the conclusion this court reaches today. Two that are certainly persuasive are Carl Zeiss Stiftung v. V. E. B. Carl Zeiss Jena, 40 F. R.D. 318, 332 (D.D.C.1966), affirmed per curiam in 128 U.S.App.D.C. 10, 384 F.2d 979, cert. denied 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967), another District Court decision of the District of Columbia; and Kaiser Aluminum and Chemical Corporation v. United States, 157 F.Supp. 939, 947–948, 148 Ct.Cl. 38 (1958) (per Justice Reed, sitting by designation).

It might be pointed out that these cases came before the enactment of the Freedom of Information Act, the subject of this litigation, but the principle enunciated in these decisions is still valid.

Other persuasive cases are International Paper Company v. Federal Power Commission, Southern District of New York, 69 CIV 5169 (S.D.N.Y.1970); and Miller v. Smith, 292 F.Supp. 55 (S.D.N.Y.1968), in which that court said requiring release of such memoranda "would inhibit the free expression and interchange of views within the [agency] * * * if staff memoranda were available to the public." *Id.* at 58.

A Government agency, like any corporation, promulgates resolutions, or regulations in these instances, after a great deal of inter-agency work. Certainly, to force disclosure of staff memoranda in which opinion and facts are mixed would effectively nullify the process of deliberation and ultimate resolution upon which such an agency must act.

Therefore this court upon reconsideration grants the motion of the defendants for summary judgment and returns the sealed envelope to the Government. Counsel for the defendants will submit a proper order.