JOHN CRANFORD *v.* MONTGOMERY COUNTY, MARYLAND ET AL.

[No. 859, September Term, 1982.]

*Decided July 7, 1983.*

The cause was argued before WEANT, BISHOP and GARRITY, JJ.

*Kevin Michael O'Connell,* with whom were *Tietz & O'Connell* on the brief, for appellant.

*Clyde H. Sorrell, Assistant County Attorney for Montgomery County,* with whom were *Paul A. McGuckian, County Attorney for Montgomery County,* and *Robert G. Tobin, Jr., Deputy County Attorney for Montgomery County,* on the brief, for appellees.

GARRITY, J., delivered the opinion of the Court.

This appeal calls on us to establish a standard by which equity courts may determine whether private citizens should be granted or denied access to certain records in the possession of a local government in accordance with the Maryland Freedom of Information Act. We must also form a corollary standard to guide chancellors in the exercise of their discretion concerning the decision of whether to conduct an *in camera* review of requested records subject to disclosure under the Act.

## Factual Background

After it completed building the Executive Office and Judicial Center, Blake Construction Company presented Montgomery County with an additional claim that amounted to several million dollars. Because of the builder's claim and the project's inherent interest to the public, the news media sought information regarding the facts and circumstances surrounding the construction of the Center.

On May 8, 1981, the appellant, as editor of the *Sentinel* newspapers, wrote to the appellee, Thomas Abraham, the Director of the Department of Facilities and Services, and

requested access to all documents pertinent to the construction of the office complex. By a letter dated June 3, 1981, the County Attorney for Montgomery County responded to the appellant and permitted review of the requested files except for 1) certain intra-agency memoranda, 2) certain interagency memoranda, 3) inspection reports, 4) personal notes, and 5) a consultant's report.

Although information contained in several file drawers concerning the project had been made available to the appellant, he sought access to the withheld records by filing a bill of complaint for injunctive relief in the Circuit Court for Montgomery County. On July 10, 1981, a hearing was held before the Hon. John J. Mitchell, at which testimony was taken and exhibits entered. On October 2, 1981, Judge Mitchell ordered an *in camera* inspection of the County's records for the purpose of determining whether they were subject to disclosure. Judge Mitchell, however, subsequently vacated his order of October 2, 1981, and recused himself from the case. Thereafter, the case was reassigned to the Hon. Samuel W. Barrick who conducted a second hearing on March 26, 1982. In a memorandum and order filed on April 5, 1982, Judge Barrick ruled that an *in camera* review was not warranted and dismissed the appellant's bill of complaint.

Appealing from that judgment, the appellant asks whether the circuit court erred in ruling that the requested documents were exempt from disclosure under the exceptions to the Information Act, and in ruling that it was unnecessary, under the circumstances, to conduct an *in camera* review of the documents. Based on our analysis of the applicable law, we hold that the circuit court did not err in its rulings, and we shall affirm the court's judgment.

## I. *Privileged Documents*

Although the purpose of the Act is to provide the public with access to information regarding the affairs of government, the statute authorizes the custodian of the requested

records to deny the right of inspection "if disclosure to the applicant would be contrary to the public interest". Md. Ann. Code, Art. 76A, §§ 1A and 3 (b). The statute lists those records for which disclosure may be denied. This list includes interagency or intra-agency memoranda or letters "which would not be available by law to a private party in litigation with the agency." Art. 76A, § 3 (b) (v).[1]

Judge Barrick, in his memorandum and order, accepted the assertion of Montgomery County and Mr. Abraham, the custodian, that the subject documents should not be disclosed to the public as they were privileged from inspection under the Maryland Freedom of Information Act.

The appellees based their refusal to disclose the requested

---

1. The statute provides in pertinent part:

Sec. 3. Custodian to allow inspection of public records; exceptions; denial of right of inspection of certain records; court order restricting disclosure of records ordinarily open to inspection.

(a) The custodian of any public records shall allow any person the right of inspection of such records or any portion thereof except on one or more of the following grounds or as provided in subsection (b) or (c) of this section.

* * *

(b) The custodian may deny the right of inspection of the following records, unless otherwise provided by law, on the ground that disclosure to the applicant would be contrary to the public interest:

(v) Interagency or intraagency memorandums which would not be available by law to a private party in litigation with the agency.

The comparable federal statutory provision, 5 U.S.C., § 552 similarly provides:

§ 552. Public information; agency rules, opinions, orders, records, and proceedings

(a) Each agency shall make available to the public information as follows:

* * *

(b) This section does not apply to matters that are

* * *

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

documents on the exception provided for agency memoranda and on several additional exceptions. The circuit court, however, relied solely on § 3 (b) (v) as grounds for restricting public access to the requested documents which it classified as inter-office memoranda, attorneys' work product and consultants' reports, progress meeting notes and personal notes. As Judge Barrick determined the requested information to be "very similar" to the items precluded from public inspection by Chief Judge Northrop of the Federal District Court for Maryland in *Wellford v. Hardin,* 330 F. Supp. 915 (d. Md. 1971), and further held that the documents would not have been made available through discovery procedures to a private litigant, Judge Barrick held that the right to inspect such records had been properly denied.

The appellant contends that Judge Barrick erred in holding that the requested documents were exempt memoranda because (1) there was "insufficient detail for a reasonable determination of exemption", and (2) the information sought could have been obtained by discovery in the course of litigation. We interpret the appellant's first contention to be a challenge to the sufficiency of the evidence upon which Judge Barrick based his conclusion. Rather than directly support his argument regarding sufficiency, the appellant merges it into his latter contention that the memoranda would be discoverable by "some plaintiffs in some litigation". The appellant asserts that Maryland rules for discovery encourage broad and complete discovery and that, in circumstances involving "substantial need" or undue hardship:, even documents prepared for trial can be obtained. *Kelch v. Mass Transit Administration,* 42 Md. App. 291, 299, 400 A.2d 440 (1979).

Under the discovery standards of the courts, and not those standards practiced in administrative hearings, the subject materials would be discoverable, according to the appellant, because the appellees failed to carry their burden of a "specific detailed showing that the withheld information is part of the deliberative process of the agency" and not purely factual reports that cannot be cloaked in secrecy. *Bristol Myers v. Federal Trade Comm.,* 424 F.2d 935 (D.C. Cir. 1970).

*Discussion of Law*

The appellant correctly states that under Maryland law, when an aggrieved party seeks judicial review of an administrative denial of access to records, the defendant state agency or custodian of records bears the burden of justifying the non-disclosure. Md. Ann. Code, Art. 76A, § 5(b) (1); *Equitable Trust Co. v. Md. Comm. on Human Relations,* 42 Md. App. 53, 72, 399 A.2d 908 (1979), *rev'd on other grounds,* 287 Md. 80 (1980).

In *Equitable, supra,* at 76-79, this Court held that a state agency may deny access to the records of investigations compiled for the purpose of law enforcement under Art. 76A, § 3(b) (i), only if the agency could demonstrate that disclosure of the records would interfere with the agency's law enforcement proceedings or produce one of the other harms enumerated in section 3(b) (i). In reaching this holding, we relied on the apposite decision of the U.S. Supreme Court in *NLRB v. Robbins Tire and Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311 (1978), in which the Court concluded that pre-hearing disclosure of prospective witnesses' statements would harm the agency's proceedings.

In *Wellford, supra,* Chief Judge Northrop relied on the decision of *Bristol-Myers* in which the federal appeals court for the District of Columbia discussed the internal memoranda exemption of the federal statute. Chief Judge Northrop stated:

> *Bristol-Myers* enunciates the framework which plaintiff feels a district court must observe in making a determination as to the applicability of the exemption contained in 5 U.S.C. 552(b) (5).
>
> The statute is specific, however, in its exemption of "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. 552(b) (5).
>
> This provision encourages the free exchange of ideas among Government policymakers, but it does

not authorize an agency to throw a protective blanket over all information by casting it in the form of an internal memorandum. Purely factual reports and scientific studies cannot be cloaked in secrecy by an exemption designed to protect only "those internal working papers in which opinions are expressed and policies formulated and recommended."

Furthermore, an internal memorandum may lose its protected status when it is publicly cited by an agency as the sole basis for its action.

I will say that this court in its opinion of June 26, 1970, erroneously felt that the documents in question here were such that they should be produced *in camera* for the court's perusal and deletion of "factual or scientific information"; that information having been culled from these reports, the documents should be turned over to the plaintiff.

However, on reconsideration, after hearing argument of counsel today, checking decisions from other jurisdictions, and, more particularly, in focusing on the character and nature of the Biweekly Reports and the Minutes themselves, this court feels that they are documents which should not be subjected to the scrutiny of this court, but rather, *reflect inter-agency matters which are certainly of the opinion and formative nature,* and thus fall within the purview of the exemption granted by Congress.

A close perusal of the Congressional intent in the enactment of this legislation indicates that *Congress did not wish to put any more blocks in the way of inter-agency communication and further slow down the already snail pace of policymaking in the departments.* Congress felt that the free exchange of ideas within these departments which ultimately go into the making of the policy *decisions and resolutions would be impeded if there were public disclosure.* Id. at 917-918. (emphasis added)

In the present case, concerning non-disclosure on the basis of the intra-agency memoranda exemption of section 3 (b) (v), as distinguished from the requirements of section 3 (b) (i), we note that subsection (v) does not predicate protection from disclosure on the basis of a showing of resultant specific harms. Rather, to defend against disclosure of memoranda, an agency need only meet its burden of showing that disclosure "would be contrary to the public interest", as stated in section 3(b).

## Application of Law

### a. Public Interest Standard

At the hearing held on March 26, 1982, Judge Barrick was informed by the appellees' counsel that the withheld records consisted solely of:

> . . .documents passing between subordinates and their superiors, discussing underlying recommendations, opinions, observations, all those things which go into the policy-molding process of government, not any final decisionmaking policy. They are not indicative of any final decision or even indicative of just purely factual information.
>
> The information that we are seeking protection for in this case is material which contains the thought processes of persons putting input into the process within house.

Counsel's statements were supported by the appellee's exhibits, which included transcripts from the July 10, 1981 hearing before Judge Mitchell. At that hearing, the parties stipulated that if Mr. Abraham were to testify, he would have expressed the opinion that the release of the documents would impose a "chilling effect" on the open and frank discussion between his co-workers, particularly between the members of the architectural staff and the county administrators. The chancellor was further advised that Mr. Abraham would also have testified as to his concern over the

possibility that the Blake Construction Company, with whom the County was in major pending litigation, would in essence "be looking over the shoulder" of his co-workers if their records were made available to the public.

Judge Barrick was also provided with the transcribed testimony of Assistant County Attorney Martin J. Hutt. Mr. Hutt had previously testified that in response to the appellant's information request, he had spent several hours examining the pertinent files, and had personally removed those memoranda which he had determined were not subject to disclosure.

Mr. Hutt provided the court with a general description of the documents which he removed. The first set of documents consisted of intra-agency memoranda from the staff of the Office of Design and Construction. The memoranda were written by staff architects to Mr. Abraham or to Mr. Frederick P. Kranz, who is the Office Director. These documents concerned "representations to their superiors as to things that they perceived to be going on that may be beneficial to their superiors." A second set of inter-agency memoranda was written by design officers to their chief administrative officer, and addressed construction progress problems.

The third group of documents consisted of inspection reports written by an employee of the Department of Facility and Services, who was responsible for inspections that would ensure a "smooth transition from the construction period into the operation period." A fourth set of documents consisted of the notes of Mr. John McNichol, who was the full-time staff architect for the project. These handwritten notes concerned Mr. McNichol's observations from meetings with the general contractor and the consultant architect. The final document was a consultant's report prepared by the firm of MDC Systems which evaluated the work progress of the general contractor in an effort to assist the County in its decision regarding the claims of Blake Construction Company.[2]

_____

2. Under the analogous federal statute as interpreted by the federal courts, reports prepared by outside consultants of a government agency for

On direct examination by the County Attorney, Mr. Hutt stated that the withheld documents contained neither purely factual material, nor any policies or decisions of the agency. Rather, the items written by various members of the staff contained "merely questions or queries that had been raised to alert their supervisors." Mr. Hutt stated that in preparation of his response to the request for inspection, he considered the public interest, and partially based his decision not to release the documents because of the pending litigation with Blake Construction Company and the impact that such information could have on the outcome of that litigation.

On cross-examination of Mr. Hutt, the appellant's counsel sharply limited his inquiry. Rather than ask specific questions concerning Mr. Hutt's basis for his decision to withhold internal memoranda, he accepted the witness's statement that "the reasons speak for themselves." The appellant called no witnesses, and left Mr. Hutt's testimony unrebutted.

The record of the hearing in the circuit court demonstrates that the appellee presented sufficient evidence from which the court could determine that disclosure of the subject records would be contrary to the public interest. *Oxon Hill Recreation Club, Inc. v. Water Resources Admin.,* 281 Md. 110, 375 A.2d 567 (1977). We hold that the appellees adequately met their burden of proving that the documents should not be released. The appellees met this burden 1) by presenting sufficient evidence showing that the withheld documents fell within one of the enumerated exemptions of the Act, and 2) by providing the court with sufficient evidence from which it could reasonably conclude that disclosure of the documents would be contrary to the public

the assistance of agency counsel, constitute "intra-agency memoranda" within the meaning of the exemption and are exempt from disclosure as attorney work product or as part of the decisional making process of the agency. Wu v. Nat'l Endowment for Humanities, 460 F.2d 1030 (5th Cir. 1972), cert. denied, 410 U.S. 926; Exxon Corp. v. FTC, 476 F. Supp. 713 (D.C. 1979).

interest. Art. 76A, § 3 (b); *Wellford, supra* at 918. In this case, the public was shown to have an interest in the efficient internal operation of the agency, and the agency showed that this public interest could be harmed by the disclosure of information pertinent to pending litigation.

This two-prong standard for meeting the burden of proof recognizes the agency's requirements for confidentiality and the public's interest in disclosure, but does not require a balancing process. A balancing test might be used where memoranda contained purely factual material, but that is not the case hereof. *Hamilton v. Verdow,* 287 Md. 544, 564, 414 A.2d 914 (1980); *EPA v. Mink,* 410 U.S. 73, 87-88, 93 S.Ct. 827 (1973). Rather in this matter, an absolute standard can be applied once the agency has set forth unrebutted evidence that the memoranda requested consists wholly of confidential opinions, deliberations and recommendations of officials and employees leading to the proper exercise of governmental authority. The contents of such memoranda need not be disclosed if such disclosure would be contrary to the public interest. *Hamilton,* supra at 565-66; *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318 (D.D.C. 1966), *aff'd sub nom, V.E.B. Carl Zeiss, Jena v. Clark,* 384 F.2d 979 (D.C. Cir. 1967); *Rosee v. Board of Trade of Chicago,* 36 F.R.D. 684, 689 (N.D. Ill. 1965).

Under this standard, the circuit court did not err in ruling that the subject documents were interagency and intra-agency memoranda permissibly withheld from disclosure pursuant to Md. Ann. Code, Art. 76A, § 3 (b) (v).

## II. *In Camera Review*

The record before us discloses that the appellees had filed with the circuit court, for the purpose of an *in camera* inspection, all of the documents which had been withheld from the appellant. Attached to the envelope containing the documents was a detailed listing of the items. The ten-page listing identified and described each of the subject documents in detail. Most of the documents were identified

by their author, addresses, subject matter, and date of preparation, including a brief explanation to the court of the appellees' reasons for not disclosing the documents to the appellant. The appellees further explained in this listing that several documents were in the nature of attorney work product made in preparation for the negotiation of claims, and that other documents were considered to be merely personal recollections.

In his memorandum opinion and order, Judge Barrick held that the appellees had presented sufficient evidence to show that the requested materials fell within the interagency/intra-agency exemption. The chancellor then shifted the burden to the appellant "to make a preliminary showing that the communications or documents may not be exempted in order to warrant an *in camera* inspection." The chancellor, however, determined that because "no such showing was made in this case, . . . no *in camera* inspection by the court [was] warranted."

The appellant contends that the chancellor abused his discretion in denying an *in camera* review. He supports this contention by citing federal cases in which courts held that agencies must be "highly specific" in informing the hearing court of the reasons for claiming that a document is exempt from disclosure. *Holy Spirit Assoc. for Unification of World Christianity v. C.I.A.,* 636 F.2d 838 (D.C. Cir. 1980); *Ray v. Turner,* 587 F.2d 1187 (D.C. Cir. 1978).

In *Ray, supra* at 1194-95, the federal appeals court established a useful standard for evaluating the exercise of a trial judge's discretion to order *in camera* review of documents. The Court determined that:

> Congress left the matter of *in camera* inspection to the discretion of the district court, without any indication of the extent of its proper use. The ultimate criterion is simply this: Whether the district judge believes that *in camera* inspection is needed in order to make a responsible de novo determination on the claims of exemption.

*In camera* inspection requires effort and resources and therefore a court should not resort to it routinely on the theory that "it can't hurt". When an agency affidavit or other showing is specific, there may be no need for *in camera* inspection.

On the other hand, when the district judge is concerned that he is not prepared to make a responsible de novo determination in the absence of *in camera* inspection, he may proceed *in camera* without anxiety that the law interposes an extraordinary hurdle to such inspection.

The standard for use in the federal courts may be summarized as granting broad discretion to trial judges to consider the likelihood of a document's exemption, as shown by the specificity of an agency's evidence, against the possibility of its non-exemption as best shown by evidence that the movant may introduce or as indicated by the agencies showing.

In Maryland, the statutory provisions concerning the *in camera* review of documents has thus far not been explicated by the Court of Appeals.[3]

---

**3.** Md. Ann. Code, Art. 76A, § 5 (b) (1) provides in pertinent part:

On complaint of any person denied the right to inspect any record covered by this article, the circuit court. . . may examine the contents of the records in camera to determine whether the records or any part thereof may be withheld under any of the exemptions set forth in § 3, and the burden is on the defendant to sustain its action. In carrying this burden the defendant may submit to the court for review a memorandum justifying the withholding of the records.

The Court of Appeals did not address this provision in Hamilton, supra at 566-568 as it was concerned with the function of in camera review of memoranda within the context of executive privilege and its attendant initial presumption of confidentiality. Indeed, executive privilege is a doctrine designed to enhance secrecy whereas the public policy of the Maryland Freedom of Information Act is based on a precisely opposite rationale: a policy generally in favor of disclosure.

This Court, however, in *Equitable Trust Co. v. State of Maryland, Comm'n on Human Relations,* 42 Md. App. 53, 77-79, 399 A.2d 908 (1979), *rev'd on other grounds,* 287 Md. 80, 411 A.2d 86 (1980), held that the *in camera* review provision of Art. 76A, § 5 (b) (1) is discretionary and does not mandate that withheld documents be individually examined.

Any standard which this Court develops to guide chancellors in the exercise of their discretion must be controlled by the purpose of the Freedom of Information Act, which is to encourage the disclosure of all but a limited amount of government-held information. The standard must also reflect the statutory burden which requires a defendant-agency to justify any non-disclosure. In light of these conditions, chancellors will not be held to have abused their discretion in denying a request for an *in camera* review so long as the record contains sufficient evidence presented by the government from which the chancellor could form a reasonable belief that the documents fall within a statutory exemption to the Act. A chancellor's discretion need not be limited by the ability or inability of the movant to rebut the government's evidence; rather, the arguments and evidence of the movants are merely additional factors to be considered by the chancellor in the exercise of his discretion.

In the present case, where the County Attorney presented his reasons for nondisclosure in writing, and then explained those reasons to the court in oral testimony, the County adequately specified and demonstrated the basis for the documents nondisclosure under the controlling Maryland standard. Although more precise details of Mr. Hutt's rationale for nondisclosure might have been developed during cross-examination, the appellant did little to exercise his privilege for such inquiry. Clearly, the County presented sufficient evidence to show that the documents were privileged memoranda. We hold that Judge Barrick did not abuse

his discretion in denying the appellant's request for an in *camera review.*

*Judgment affirmed.*
*Appellant to pay costs.*